HENRY WRIGHT *v.* THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW — PRACTICE — EVIDENCE. — W. was indicted for the murder of K. Prior to the finding of the indictment, he was tried before a justice of the peace, before whom he made a voluntary statement, which was taken down in writing. On the trial in the circuit court, M., a witness for the state, was permitted to testify to what the accused said in his voluntary statement before the committing magistrate, in opposition to objections from defendant's counsel. *Held*, that the admission of the testimony was error.

2. SAME — EVIDENCE — ADMISSIBILITY. — As a general rule, the law requires the production of the best evidence of which the nature of the case in its nature is susceptible. Not the greatest amount of evidence of any fact, but its design is to prevent the introduction of any which, from the case, supposes that better evidence is in possession of the party. As the statute requires that the justice of the peace shall reduce to writing the voluntary confession of the accused, and shall certify and send up the same to the next term of the circuit court of the proper county, the law conclusively presumes that he performed his whole duty. If it be shown that the examination was not reduced to writing, or if the written examination is wholly inadmissible by reason of irregularity, parol evidence is admissible to prove what he voluntarily disclosed. And if it remains uncertain whether it was reduced to writing by the magistrate or not, it will be presumed that he did his duty, and oral evidence will be rejected. Greenleaf's Ev., 259, sec. 227. The written statement should have been produced; the oral evidence of the witness should have been rejected. It was secondary and inferior. Peter v. The State, 4 S. & M., 31.

ERROR to the Circuit Court of Hinds County, for the Second District. Hon. GEO. F. BROWN, Judge.

The only material facts in the case, and upon which the case was disposed of, are stated in the opinion of the court.

*Johnston & Johnston*, for appellant, filed a very elaborate brief, and argued the case orally, citing the following authorities: R. C., 1871, §§ 2759–2806; Const. Miss., art. 1, sec. 7; Rev. Code, 1871,

§ 2631; Cotton v. The State, 2 George, 504; Rev. Code, 1871, §§ 726, 728; ib., § 2758; Bales v. The State, 24 Miss., 445; Greenleaf's Ev., § 450; Newcomb v. The State, 37 Miss., 383; Wesley v. The State, ib., 327; Wharton's American Cr. L., sec. 636.

*G. E. Harris,* Attorney General, for the state, filed a brief and argued the case orally, citing the following authorities: McDaniel v. The State, 8 S. & M., 416-17; Wesley v. The State, 37 Miss., 349, 351-2; Noe's case, 4 Howard, 330; Muirhead v. Muirhead, 6 S. & M., 451; Franks v. Wanzer, 25 Miss., 121; Ogle's case, 33 ib., 383; Lundy's case, 44 ib., 669; Wharton's American Law of Homicides, 384-5; ib., 34, 35; 38 Miss., 297; 36 ib., 656; 8 S. & M., 401.

PEYTON, C. J., delivered the opinion of the court:

It appears that the plaintiff in error in this case was convicted in the circuit court of Hinds county, in the second district thereof, of the murder of one Charles Kelker and sentenced to be hung, and hence the case comes to this court by writ of error.

Various errors are assigned here in the record of the proceedings and judgment in the court below. But in the view we take of this case, we deem it necessary to notice only the tenth assignment of error, which impeaches the correctness of the ruling of the court in admitting oral evidence of what the defendant said in his voluntary statement before the justice of the peace, under the circumstances set forth in the record.

It is provided in section 2825 of the Code of 1871, that in all criminal cases brought before any justice of the peace, he shall take the voluntary confession of the accused, and the substance of the material testimony of all the witnesses examined before him, in writing, and shall inform the accused of his right to interrogate such witnesses. Which questions, and the answers thereto, he shall also reduce to writing; and the said proceedings and testimony so taken and had, the said justice shall certify and

send up, together with the bonds and recognizances of the accused and the prosecutor and witnesses, to the next term of the circuit court of the proper county, on or before the first day of the term.

On the trial in the court below, one Daniel Murchison, a witness on the part of the state, was permitted to testify to what the accused had said in his voluntary statement before the comitting magistrate, in opposition to objections from defendant's counsel. Said witness testified that he believed he remembered the substance of said statement, but that other matters might have been mentioned in that voluntary statement which witness did not remember, as he did not pay any very marked attention to the statement, although he was listening to the examination. The said voluntary statement was reduced to writing and signed by the defendant and produced in court by the prosecution.

As a general rule, applicable as well in civil as criminal proceedings, the law requires the production of the best evidence of which the case, in its nature, is susceptible. This rule does not demand the greatest amount of evidence which can possibly be given of any fact, but its design is to prevent the introduction of any which, from the nature of the case, supposes that better evidence is in the possession of the party. It is adopted for the prevention of fraud, for when it is apparent that better evidence is withheld, it is fair to presume that the party had some sinister motive for not producing it, and that, if offered, his design would be frustrated. The rule thus becomes essential to the pure administration of justice. In requiring the production of the best evidence applicable to each particular fact, it is meant that no evidence of a nature merely substitutionary shall be received when the primary evidence is producible.

As the statute requires that the justice of the peace shall reduce to writing the voluntary confession of the accused, and shall certify and send up the same to the next term of the circuit court of the proper county, on or before the first day of the term; the law *conclusively presumes* that if anything was taken down in writ-

ing, the justice of the peace performed his whole duty by taking down all that was material. In such case, no parol evidence of what the prisoner may have said on that occasion can be received. But if it be shown that the examination was not reduced to writing, or if the written examination is wholly inadmissible by reason of irregularity, parol evidence is admissible to prove what he voluntarily disclosed. And if it remains uncertain whether it was reduced to writing by the magistrate or not, it will be presumed that he did his duty, and oral evidence will be rejected. 1 Greenleaf's Ev., 259, sec. 227.

Oral evidence cannot be substituted for any instrument in writing (which is not merely the memorandum of some other fact), the existence of which instrument is disputed, and its production material to the issue between the parties, or to the credit of the witnesses. One advantage derived from the application of this rule is, that the court acquires a knowledge of the whole contents of the instrument, which may have an effect very different from a statement of a part. "I have always," says Lord Tenterden, in the case of Vincent v. Cole, M. & M., 258, "acted most strictly on the rule that whatever is in writing shall be proved by the writing itself. My experience has taught me the extreme danger of relying on the recollection of witnesses, however honest, as to the contents of written instruments. They may be so easily mistaken that I think the purposes of justice require the strict enforcement of the rules."

This rule, however, does not apply where the instrument in question is shown to be destroyed or lost, or where the party who relies upon it is otherwise incapacitated from producing it.

In the case under consideration, the record shows that the voluntary statement of the accused was taken in writing, and that being the primary and best evidence of what that statement was, should have been produced, and the oral evidence of the witness as to what the prisoner stated on that examination being secondary and inferior evidence, ought not to have been received on trial of the prisoner. Peter v. The State, 4 S. & M., 31.

In the admission of this parol evidence on the trial of the case below, the court erred.

For this reason, the judgment will be reversed, the case remanded and a new trial awarded.