BLUF. STEELE ET AL. *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Juries. Special venire. Talesmen.*

When the whole record shows that the accused was not prejudiced thereby, it is not reversible error in a capital case to refuse, both before and after exhausting the regular venire, to receive as a juror a member of the special venire who was absent on the call thereof, but present when offered by the defense, and to thereupon order talesman to be summoned.

2. SAME. *Accused as witness. Burdens.*

A defendant in a criminal case, who voluntarily becomes a witness, assumes the incidents and burdens attaching to that character.

3. SAME. *Testimony of the accused. His cross-examination thereon. Code 1892. § 1741. Act February 27, 1882. Laws, p. 109.*

Under code 1892, § 1741, and the act of February 27, 1882 (Laws, p. 109), making an accused person a competent witness in his own behalf, he may be cross-examined touching his voluntary statements previously made in his own behalf, under oath, before the coroner or the committing magistrate. *Jackson* v. *State*, 56 Miss., 312, distinguished: *Farkas* v. *State*, 60 *Ib.*, 847, noted; *Hill* v. *State*, 64 *Ib.*, 431, cited and approved.

*Quære:* Is a voluntary confession, made under oath before a magistrate, admissible against the accused, in view of § 1463, code 1892, providing that the officer "shall take in writing any voluntary confession that may be made by the accused, not under oath?"

4. SAME. *Act of magistrate. Legality presumed.*

In the absence from the record of anything to the contrary, the appellate court will presume that the testimony of an accused person before a magistrate was given voluntarily, since it would have been illegal to compel him to testify.

FROM the circuit court of Itawamba county.

HON. E. O. SYKES, Judge.

The appellants were convicted of manslaughter, on an indictment for murder, and sentenced to the penitentiary for five years, from which they appealed. The opinion states the case.

*Clifton & Eckford*, for the appellant.

We insist that our statute, code 1892, § 2386, which provides for a special venire in capital cases, is mandatory in the requirement that the jury shall be impaneled "from those summoned and in attendance." That until the persons summoned on the special venire and in attendance have been exhausted, it is a violation of positive law for the judge to fill up the panel from either the regular juries or bystanders. And because it is a material right secured to the defendant by positive law, it is not within the discretion of the court to disregard the requirement, but such refusal by the court is subject to review by this court. Thompson & Merriam on Juries, sec. 258; *Head* v. *State*, 44 Miss., 731–750.

The English practice did not allow the king any peremptory challenges or the crown to put aside any member of the special venire without being required to assign a reason. But when the call was finished without completing the panel, such members of the venire as had been put aside temporarily had to be called again, and the crown was then required to challenge for cause.

This rule has been generally adopted in the United States wherever there is a statute which gives to the state the right of peremptory challenge. Thompson & Merriam on Juries, 158, 259; *United States* v. *Merchant*, 12 Wheaton, 480; *United States* v. *Shackelford*, 18 Howard, 588.

In *Boles* v. *State*, 24 Miss., 445–453, on a statute which required the jury to be impaneled, etc., from those summoned, the court intimates that the defendant would be entitled to compulsory process to secure the attendance of the absent venireman. But in this case the jury was secured out of the special venire, and the court held it was not error to refuse the compulsory process.

This court, commenting on the Boles case in *Hale* v. *State*, 72 Miss., 140, differentiates that statute from our present one, which has been re-enacted in four different codes, but announces

that the present law requires the jury to be made up from the special veniremen "summoned and in attendance," which, we earnestly insist, determines the action of this court in refusing to have venireman Wygle called, immediately after the special venire and jurors for the week had been exhausted, to be error.

Wygle did not answer to the call of his name, but was in the courthouse when the call of the special venire was finished, which was made known to the court and the request made that he then be recalled. He was also present in the courthouse when the call of the jurors for the week was completed, and the court again requested to have him recalled. Both of the requests were refused and the panel was completed from bystanders, which, we say, was in violation of positive law and makes a precedent which would endanger the life and liberty of the citizen if adopted. For if the judge has the right peremptorily to stand aside one venireman, he would have the right to stand aside any number. It will not do to say, either, that the venireman, Wygle, was not "in attendance" because he did not answer to his name when called. For he was present both when the call for the special venire and the jurors for the week was completed. And we have shown that the rule is and was to go back and call over again any of the special veniremen who were temporarily set aside or passed on the first call.

The cross-examination of the appellants, as to what they had sworn before the coroner on the inquest trial, and before the justice on the committing trial, did them an incalculable injury—one which doubtless turned the scale against the appellants, and, together with the erroneous charges, brought about the compromise verdict. The whole case turned on whether the jury would believe the appellants or not. The state claimed the killing was a foul assassination, the defense claimed it was a life and death struggle in a rencounter brought on by deceased. The appellants had testified before the coroner, as witnesses, in

the inquest trial, when they were virtually charged with the crime themselves. The court, in ruling on the objection that the appellants could not be cross-examined on their testimony given in the inquest trial, sustained the objection, unless the state would show that the paper purporting to be the testimony taken down by the coroner was an authenticated copy. Afterwards counsel for appellants, on cross-examination, admitted that he had read over the evidence of two or three of the witnesses, and he thought it was a copy of the testimony taken down by the coroner. Now, whether the court considered that this statement of counsel made the paper competent evidence, under his ruling, or not, the fact remains that he did permit the counsel for the state to use the paper in cross-examining appellants. This was in flagrant violation of the principle "that no statement made upon oath in a judicial investigation of a crime can ever be used against the party making it, in a prosecution of him for the same crime." Here it was used in the most damaging manner possible. *Jackson* v. *State*, 56 Miss., 311; *Farkas* v. *State*, 60 Miss., 847; *Powell* v. *State*, 23 So. Rep., 266.

The error was repeated when counsel for the state was permitted to cross-examine appellants as to what they had sworn before the justice of the peace in the committing court. There was no pretense here that there was any confession, and hence the case of *Wright* v. *State*, 50 Miss., 332, has no application.

The wrong was further persisted in when the court charged the jury, "They had a right to take into consideration the fact, if such be true, that any witness is contradicted as to a material matter, as shown by the testimony."

*W. A. Nabors* and *W. D. Anderson*, on same side.

The action of the court in refusing to receive Wygle as a juror was clearly wrong. We refer the court to *Coleman* v. *State*, 59 Miss., 484, and *Boles* v. *State*, 13 Smed. & M., 398.

In *Coleman* v. *State*, when the name of Davis was reached

on the regular call the judge stated that he had excused him on account of sickness in his family, but an exception was reserved to the action in this respect, and then the court, of its own motion, set aside the panel and sent for Davis, and proceeded anew to impanel a jury.   Defendant objected to this. When Davis' name was reached he was accepted by the state and tendered to the accused, who challenged him peremptorily.

The case at bar is very different from *Coleman* v. *State*.   In this case the juror was present before the jury was completed and before the regular jurors for the week were called; and, in fact, from the conclusion of the call of the special venire, all during the time the regular jurors were being called, and after they were exhausted, and while bystanders were being called to complete the jury.   It seems to us that it was the clear right of the defendants to have Wygle called.   It has been held by this court that disbanding and reorganizing the jury was fatal.   See *Rolls* v. *State*, 52 Miss., 391; *Thompson* v. *State*, 58 Miss., 62.

The district attorney ought not to have been permitted, over the objection of defendant's attorney, to cross-examine the defendants as to their testimony in the committing court. Under the statute it was the duty of the committing court to take down any confession the defendants desired to make freely and voluntarily, and it seems to us they could not have been cross-examined about anything that occurred in that court, except such a confession so taken down.

*W. N. Nash*, attorney-general, for the state.

Our jury law is directory merely; but appellants are in error as to the facts connected with the refusal of the lower court to accept Wygle as a juror.   The record itself does not disclose facts sufficient to sustain the assignment of error touching that matter.   There is nothing in the record to show as a fact that Wygle was ever in court.   I submit, therefore, that the question argued so earnestly in the brief of counsel is

not properly raised by the record, and that the same will not be considered by the court. Under the evidence of appellants themselves, by their own testimony and admissions, the jury could not escape a conviction, at least of manslaughter.

WHITFIELD, J., delivered the opinion of the court.

The statement in the record touching the refusal to call Wygle is as follows: "After exhausting the regular venire, and before and after the regular jurors were exhausted, counsel for defendants requested that J. T. Wygle, who was absent on the regular call of the venire, be called into the jury box. The court refused the request, and ordered the sheriff to go to the country, to which the counsel for defendants excepted." My brethren think that this statement does not sufficiently show that Wygle was present in the courtroom when the request was preferred, and hence that there is nothing in this assignment. I think it does sufficiently show that he was so present. We all agree, however, that if he was so present, the court did err, but that the error would not, on the whole case disclosed by the record, be reversible error. Though the jury laws are directory, and the defendant has no vested right to any particular juror, yet in a case where the refusal to call a venireman in the circumstances here pointed out as existing by the assignment of error, could be shown to have worked material harm to the defendant, we would unhesitatingly set aside the verdict. The trial judge must be careful not to infringe the substantial rights of the defendant in a matter so vital. Directory statutes may not be administered so as to deprive any defendant of due process of law. But, looking to the whole record, we do not think the appellants have been harmed by the action of the court in this matter if Wygle was present.

It is also assigned for error that the district attorney was allowed to cross-examine the defendants as to what they had testified to in the committing trial before the justice of the

peace, and also before the coroner, on his inquest—with the view of contradicting them, either by the written statement of the testimony taken before the coroner, or by witnesses who should be called to testify as to what defendants had testified before the justice of the peace. The testimony of both defendants was delivered under oath before both the coroner's jury and the justice of the peace. That delivered before the coroner's jury was by the coroner taken down in writing and signed by the defendants; and it was from this written statement the district attorney cross-examined the defendants. This statement was never, itself, offered in evidence. The testimony of the defendants, delivered before the justice of the peace, was under oath, but not reduced to writing.

The principle invoked to show that this was error is the doctrine of Jackson's case, 56 Miss., 312, to wit: that "no statement made upon oath in a judicial investigation of a crime can ever be used against the party making it, on a prosecution of him for the same crime. Jackson had been used as a witness for the state, as Farkas was (60 Miss., 848). The reason underlying all cases of this sort, where the defendant had been sworn by the state as its witness, involuntarily, as well as all those cases where a defendant before a committing magistrate, in giving his confession, was by the magistrate improperly sworn, was—prior to statutes making defendants competent witnesses in their own behalf—that the oath was a legal compulsion, which, with the fear of the consequences of perjury before his eyes, rendered such confession under oath, or such testimony under oath involuntary. This, precisely, is the true ground upon which this principle rested, as variously shown in *Jackson* v. *State*, 56 Miss., 312; *Farkas* v. *State*, 60 Miss., 848, and cases cited; *The People* v. *McMahon*, 15 N. Y., 384; 1 Arch. Crim. Pl. and Pr. (Pomeroy's Ed., 1877; top page 386, side page 126; *Hill* v. *State*, 64 Miss., 440; *Commonwealth* v. *Clark*, 130 Pa. State, 650; *People* v. *Mondon*,

103 N. Y., 212; *People* v. *McGloin*, 91 N. Y., 241; *Wilson* v. *United States*, 162 U. S., 163; 1 Greenl. Evi., sec. 225; 1 Taylor Evi., secs. 886–896.

But since the passage of the act making defendants witnesses in their own behalf (February, 1882—§ 1741, code 1892), this principle has undergone necessary modifications. When defendant now offers himself voluntarily as a witness in his own behalf in any form of judicial investigation, when charged with crime, he thus assuming of his own accord the character of witness, must accept all the incidents and responsibilities attaching to the character of witness. And in such case, if his sworn statement has been reduced to writing by a coroner or magistrate, it may be offered against him in the trial in the circuit court, and if not, he may be contradicted by witnesses who heard his testimony thus voluntarily given. This is settled in this state and elsewhere. *Hill* v. *State*, 64 Miss., 440; *Com.* v. *Clark*, 130 Pa. St., 650; *People* v. *Kelly*, 47 Cal., 125; Wharton Crim. Evi., secs. 668, 664; 1 Taylor Evi., sec. 889; *State* v. *Eddings*, 71 Mo., 545; *State* v. *Glass*, 50 Wis., 218; *Wolf* v. *Com.*, 30 Grattan, 833; *Com.* v. *Broaf*, 126 Mass., 42.

It is to be noticed that Farkas' case, *supra*, was rightly decided, but put on the wrong ground. The court overlooked the fact that the killing there occurred after the passage of the act of February, 1882. The true ground is given in *Hill* v. *State*, *supra*, where the Farkas decision is put right.

Whether a confession before a magistrate, provided for by § 1463, code 1892, if under oath, would be admissible against him, taking § 1741 and § 1463 together, is complicated by the fact that § 1463 forbids it to be taken under oath. Really, this inhibition is now—since the act of February, 1882—a legal solecism, and ought to be stricken out by legislative amendment, leaving such sworn confession competent, if the defendant volunteered to be sworn, otherwise not. But we decide nothing on this point, not now before us. It is still true, of course, that when the state compels a defendant to testify

against another or himself, such testimony cannot be offered against him, nor could he be cross-examined touching it. We have thus fully gone into this question because it is here presented, and there seems to be so much confusion on the subject in trials in the circuit court

In this case, we see nothing in the record to liken this case, in this regard, to Farkas' case. There is nothing to show that the defendants did not voluntarily offer themselves before the coroner and the magistrate, voluntarily assuming the character of witnesses in their own behalf. In the absence of such showing, the presumption is that the magistrate and the coroner proceeded in their examination legally. *Wright* v. *State*, 50 Miss., 332. And it is not pretended that there was any confession before the magistrate; they simply testified as witnesses in their own behalf.

The evidence might warrant a verdict of murder in some of its phases, and appellants cannot, in that view, complain of the more merciful finding. We see no reversible error.

*Affirmed.*