ALLEN CUNNING *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW AND PROCEDURE. *Conservator of the peace. Prelimi-
nary trial. Evidence. Code* 1892, § 1463. *Contradicting witness.*

   An unsigned writing purporting to contain the testimony of a wit-
   ness on a preliminary trial, not certified by the conservator of the
   peace or returned, as required by code 1892, § 1463, is a nullity and
   is not admissible in evidence on the trial of the accused to contra-
   dict the witness.

2. SAME. *Parol evidence to aid.*

   Such a paper cannot be made admissible by the aid of parol evi-
   dence.

3. SAME. *Compliance with statute. Failure. Effect.*

   If a conservator of the peace comply with the statute, the writing
   will be conclusive of what the witnesses testified before him; if
   he fail to do so, a witness may be contradicted by parol evidence
   of what he swore on the preliminary trial.

FROM the circuit court of, first district, Coahoma county.
HON. FRANK E. LARKIN, Judge.

Cunning, the appellant, was convicted of murder and ap-
pealed. The only persons present at the time of the homicide

were appellant, deceased and one Robinson. Robinson testi-
fied at the trial of the case in the court below that the killing
was accidental. To impeach the testimony of this witness the
state was allowed, over the objection of defendant, to intro-
duce portions of a writing, purporting to be the substance of
the material testimony of the witness, as taken down by one
Bellamy at the committing trial had before John A. Suddoth,
a justice of the peace. There was no certificate of the justice
of the peace to the writing, no signature of the witness to it,
and it was not returned to the next term of the circuit court,
as required by statute. Suddoth was permitted to testify for
the state that he was satisfied that Bellamy, who wrote down
the testimony in his court, took down the substance of the
most of the material testimony of the witnesses. On cross-
examination counsel for defendant asked Suddoth the follow-
ing questions: "Do you know that he took it down correctly?
Do you know that he took it all down? Is it not a fact that
Geo. Bellamy had great difficulty in writing it, and would get
it mixed up in taking it down?" To each of these questions
the state objected, the objections were sustained by the court,
and exceptions were taken by defendant.

*Fitzgerald & Maynard,* for appellant.

The court undoubtedly erred in permitting the state, over the
objections of the defendant, to introduce certain parts of the
instrument of writing purporting to be the substance of the ma-
terial testimony of the witness (Robinson) before the commit-
ting court, for the manifest reason that it was not primary
evidence, but was simply a memorandum made by one Bellamy.
Testimony taken down by a conservator of the peace in a crim-
inal case brought before him for examination which the law
requires him to take in writing, is not competent evidence on a
trial of the case, unless the statute (code 1892, § 1463) has been
fully complied with. He is required under a penalty to reduce
to writing the substance of the material testimony of all the

witnesses examined and to inform the accused of his right to interrogate the witnesses, and he shall certify the proceedings and testimony so taken and return them to the circuit court of the proper county before its next term. None of those requirements of law were performed by the justice of the peace, except that Mr. Bellamy did, according to the testimony of said justice, take down in writing most of the substance of the testimony of the witnesses. The accused was not advised, as far as the paper shows or the evidence in the case, of his right to interrogate the witnesses; the proceedings and testimony so taken were not certified to, nor were they returned by the justice of the peace to the next term of the circuit court, but were handed by him to one Yerger, in whose possession they remained until the trial of the case. This paper was null and void, and not competent evidence in the trial of the case. *Wright* v. *State*, 50 Miss., 332.

*Monroe McClurg*, attorney-general, for appellee.

The objection to Robinson's testimony before the committing court is unsound. Unlike Steele's case, 76 Miss., 387, the proven record made in the magistrate's court was introduced in this case to contradict the defendant, who voluntarily took the stand, and to contradict the only other eye-witness to the killing. The rule announced in Steele's case settles this point.

WHITFIELD, C. J., delivered the opinion of the court.

It is held in Wright's case, 50 Miss., 332, that the law conclusively presumes that the committing magistrate took down all the testimony if he took down any, because—and the reason is vital—he conformed to the law in taking down the testimony in writing, and certifying it, and sending it up to the next term of the circuit court, etc. It is just because, and only because, the examination of the witnesses by a committing magistrate has been taken and dealt with as the law prescribes in such cases, and thus has all the sanctions of the law guaranteeing

its genuineness, that it can be used as the basis for contradicting witnesses, or the accused himself testifying voluntarily in his own behalf. In the Steele case, 76 Miss., 393 (24 So. Rep., 910), the law had been complied with in all respects as to the testimony taken before the coroner, and hence it was proper to use that correctly taken and certified examination as a basis for contradiction. But it clearly appears here that this examination of the witnesses by the magistrate in the committing trial was not signed by the witnesses, was not signed by the magistrate, was not certified in any way by him, and was not returned to the next term of the circuit court by him. It is impossible to sanction such utter disregard of the statute requirements. This paper is a nullity. It cannot be used in any way to contradict a witness. It is nothing but some loose sheets of paper, which might have been written by anybody, without any official certification as to what they are, without even the signature of the magistrate, and dealt with in no respect as the law directs. To hold that these fugitive sheets of paper, unsigned and uncertified by the magistrate, and never returned into court as required by law, constitute a proper compliance with the statute, would, in effect, repeal the statute, and destroy utterly all the safeguards necessary to make an examination such as the law requires it shall be. It will not do to say that the magistrate was testifying merely from his "own recollection" of what the witness said, in contradiction of the witness. His examination shows that he was testifying to piece out orally the solemn requirements of the law omitted by him in respect of the written examination of the witnesses. This sort of oral piecing out is not allowable. He said he knew "most" of the evidence had been written down by Bellamy, not the substance of all the testimony; and he was not allowed to answer whether Bellamy took it all down, or took it down correctly. In so ruling the court was evidently acting on the rule laid down in Wright's case, *supra*, and the ruling would have been correct had the examination been dealt with accord-

ing to law. The error was in treating these fugitive, uncertified sheets as a proper record. Where the examination is dealt with in accordance with the material requirements of the law, it is, because it has been so dealt with, the evidence, and the exclusive evidence, of what was testified in the committing trial. But, where it has not been so dealt with—material requirements being wholly disregarded—it is a nullity; and in such case parol testimony may be received, from one who heard the testimony in the committing trial, to contradict a witness or the accused who testified there, as held in Steele's case, *supra*. But the magistrate's testimony here was not offered along this line, as the above rulings of the court below show. Had it been along this line—the examination being discarded as a nullity—then the question asked by appellant's counsel *supra* should have been answered. In short, if the examination be such as the law requires, it is the exclusive evidence. If not, parol evidence may be used by either side to contradict. Here the effort was to piece out orally the omitted requirements of the law, and to use the examination so pieced out, which is not permissible.

*Reversed and remanded.*