JOHN SCOTT, JR. *v.* STATE OF MISSISSIPPI.

[46 South., 251.]

CRIMINAL LAW AND PROCEDURE. *Witnesses. Impeachment. Preliminary trial. Conservator of the peace. Code* 1906. *Failure to authorize the taking of testimony in writing.*

Where on the trial of a murder case in the circuit court, the defendant, in order to contradict a witness who had testified on both trials, offered to read in evidence a transcript of the entire proceeding, including the testimony of several witnesses besides the one in question, taken down in writing by the conservator of the peace upon a preliminary trial of the accused, the homicide having been committed after the Code 1906 became operative, it was not error to sustain the state's objections, since only that part of the transcript containing the testimony of the witness sought to be impeached was pertinent; and the Code 1906 contains no provision, as did the Code of 1892, empowering conservators of the peace to reduce to writing the testimony of witnesses heard by them on a preliminary trial.

FROM the circuit court of Claiborne county.
HON. JOHN N. BUSH, Judge.

Scott, appellant, a negro, was indicted and tried for the murder of Preston Turner, also a negro, was convicted of manslaughter, sentenced to the penitentiary for twenty years, and appealed to the supreme court.

On the preliminary trial of appellant before a justice of the peace, one Thomas, an eye-witness of the homicide, testified for the prosecution. On the subsequent trial of appellant, for murder, in the circuit court Thomas again testified as a state's witness. Appellant sought to contradict Thomas by introducing the entire record of the testimony of the witnesses given in evidence on the preliminary trial and there taken down in writing by the justice of the peace; but the court, on objection by the state, refused to admit the record, because it included the testimony of several witnesses who had not testified in the court, and because the Code 1906—operative at the time of the homicide—contains no authority for a justice of the peace to take down in writing the testimony of witnesses, heard in a preliminary trial.

*R. B. Anderson,* for appellant.

It was error in the trial court not to permit appellant to introduce in evidence the record of proceedings in the preliminary trial, containing transcript of the testimony of the witness Thomas as taken down by the justice of the peace. As the record will show, Thomas' testimony on the preliminary trial was materially different from his testimony as given in the circuit court. Thomas was the only eye-witness of the homicide, and the most important witness for the state. It was prejudicial to appellant to take from him the right of impeachment of the witness. 29 Am. & Eng. Ency. Law (1st ed.), 792; *Cole* v. *State,* 59 Ark., 50; *Bowles* v. *State* (Miss.), 40 South., 165; *Jamison* v. *Railroad Co.,* 63 Miss., 33; *Brown* v. *State,* 76 Ga., 623; *Jones* v. *State,* 25 South., 204; *Jackson* v. *State,* 47 Am. St. Rep., 30; Greenleaf Ev. (16th ed.), 590.

*R. V. Fletcher,* attorney-general, for appellee.

If the law were now as it was when Code 1892, § 1463, was in force, appellant might have had the right to impeach the witness by introducing in evidence the transcript of the witness' testimony in the court of the justice of the peace, but not to introduce in evidence the entire record of proceedings on the preliminary trial, solely to impeach one witness, when such record contained matters extraneous to the issue.

But since the adoption of our present Code 1906, in force when the homicide was committed and the appellant was tried, the record of testimony before the justice of the peace is not competent as evidence, for any purpose, in the circuit court trial, because the present Code gives no authority to the justice of the peace, or other conservator of the peace, to take down in writing the testimony of the witnesses before him and certify it to the circuit court, as was allowable under the former Code 1892.

WHITFIELD, C. J., delivered the opinion of the court.

If the appellant had desired to contradict the witness Howard Thomas by the production of his testimony as taken down before the magistrate, he should not then have offered the entire testimony of all the other witnesses taken down by the magistrate, for the reason that there were other witnesses whose testimony was taken down by the magistrate who were not offered as witnesses in the circuit court at all. This would be so if there was now any law authorizing magistrates to take down testimony; but what is conclusive against the competency of the pretended transcript sent up by the magistrate is that there is not now any law, owing to the failure of the legislature of 1900 to enact a section recommended by the Code commissioners, as a substitute for Code 1892, § 1463, and in omitting that section altogether, allowing or requiring a justice of the peace to reduce to writing the testimony of witnesses on a committing trial. This most extraordinary failure on the part of the legis-

lature to enact either the recommended section or Code 1892, § 1463, has resulted in this condition of the law, so that there is not now any authority in law for any justice of the peace or other conservator of the peace to take down the testimony of the witnesses in writing and certify it up to the circuit court. Consequently the transcript of the justice of the peace here was incompetent for that reason, without regard to any other reason.

The attention of the next session of the legislature is now and here called to this omission, in order that they may enact the recommended section on the subject, or, at all events, some statute that does properly cover the ground.

The word "confession" in the recommended section, is a clerical error. It should have been "statement." The language of the recommended section—"and also the substance of the material testimony of all the witnesses examined, including the accused, if he chooses to testify"—was framed by the commissioners of the Code of 1906 in view of what is said in the case of *Steele* v. *State,* 76 Miss., 387, 24 South., 910, which case points out the anachronism of taking the "voluntary confession" of the accused, since the accused has been permitted to testify, by the act of February, 1886, in his own behalf.

*Affirmed.*