## FELDER *v.* STATE.

[67 South. 56.]

1. CRIMINAL LAW. *Review. Questions of fact. Witness. Privilege. Waiver.*

    Where on appeal it appears to the supreme court that no rational man could have found in the evidence, proof of defendant's guilt, the court will set aside the verdict of the jury in the court below, but will not overturn such verdict merely because the court might have reached a different conclusion.

2. WITNESSES. *Privilege. Waiver by accused.*

    In the trial of an accused for homicide it was not error to permit the state to prove what the defendant said in his testimony before the coroner's jury, when he was not then charged with the crime and voluntarily gave his testimony and did not claim his privilege to refuse to answer questions, since in failing to do so he waived his privilege, if he had any.

APPEAL from the circuit court of Amite county.
HON. R. R. JACKSON, Judge.
A. G. Felder was convicted of murder and appeals.
The facts are fully stated in the opinion of the court.

*R. S. Stewart,* for appellant.

On the trial of this case as the record will disclose the court, over the defendant's objection, permitted W. H. Bates, H. C. Hughes, J. K. Harvey and other witnesses introduced on the part of the state to testify to the fact that defendant, while on oath as a witness before the coroner's jury investigating this very crime, stated that the pistol found under the steps down which the trail of blood lead, was the defendant's pistol, the force of this evidence and the value of this evidence being apparent

to the court when the court will remember that this case, upon which the state depended exclusively for a conviction upon circumstantial evidence, and it further appearing to the court that if it was truly the defendant's pistol, then a strong link in the chain would have been forged around the defendant.

We submit that if there is a rule of evidence well settled in Mississippi and one that the court has repeatedly upheld, it is the rule declaring that declarations and statements made before a judicial tribunal are not admissible in evidence on the trial of the party making them, wherein he is being tried for the same offense about which he gave evidence or made a statement and the admission of this evidence must reverse this case or else the following authorities must be ignored: *Josephine* v. *State,* 39 Miss. 650; *Jackson* v. *State,* 56 Miss. 312; *Farkas* v. *State,* 60 Miss. 848; *Ford* v. *State,* 75 Miss. 104, 21 So. 524; *Cooper* v. *State,* 89 Miss. 429, 42 So. 602.

*Price & Price,* for appellant.

When the defendant was sworn and examined before the coroner's jury he had been charged with murder, not formally, but in fact, and as said by Judge CAMPBELL in *Farkor* v. *State,* 60 Miss. 847; "The state having examined him as a witness, it was fatal error to thereafter introduce it in evidence against him." Such practice is condemned in *Josephine* v. *State,* 39 Miss. 613, and *Jackson* v. *State,* 56 Miss. 311, and authorities there cited.

It cannot be denied that he was under solemn oath and duty to swear the truth, and it cannot be said that he was in anywise warned of his rights, and it cannot be successfully contended that to introduce such evidence against him on the trial when he did not go on the stand in his own behalf, was greatly prejudicial.

The reasoning in the above cases is the same reasoning we invoke here.

*George H. Ethridge,* Assistant Attorney-General for the state.

It is argued in the brief of the appellant that it was error for the court to permit the statement made by the defendant before the coroner's jury to be given in evidence on the trial. The brief of appellant on this point is elaborate and it seems to be the main reliance of the appellant for a reversal of the case. I desire to say that the record does not show that the appellant claimed his privilege under the Constitution of not testifying to any fact that might tend to incriminate him. It is certainly the duty of a party in that situation to make the claim of privilege and if he fails to do so, it is a waiver of his rights. It is always proper and possible for a defendant to waive a right when he desires to do so or when he does not care to assert and maintain it. This is especially true when he has not been called on or accused and under necessity of answering a criminal charge. A coroner's jury, in investigating a matter of this kind, must get the names of the parties who have the most knowledge concerning the matter unless such parties see proper to claim privilege against disclosing it. The appellant had never been accused of this crime and he was under no legal restraint, and if he desired to hold his peace on any proposition or a particular fact that might furnish a link in a chain of circumstances against him he should have declined to answer or have claimed privilege and if he had done this and had then been forced to answer by the coroner's jury or other authority of the state, he would have been in a situation to claim privilege, but inasmuch as he did not do so and the statement was voluntary upon his part, he cannot claim that he was forced to testify against himself. In the next place, this case does not fall within the rule about confessions of guilt and is distinguishable from the cases relied upon by the appellant to set aside this conviction. Whenever a fact

disclosed by a statement made by a person not accused of crime depends, for its probative force, on some other fact or some additional testimony, it does not fall within the rule that pertains to confession—it is rather an admission than confession and it is important that the distinctions between the two be kept in mind in dealing with questions like those now presented.

In the first volume of Encyclopedia of Evidence, it is stated on page 357 as follows:

"The term admission is distinguishable from that of confession. The former is applied to civil transactions and to matters of fact in criminal cases not involving criminal intent; the latter to acknowledgments of guilt in criminal cases."

In Abbott's Criminal Trial Brief, page 401, under the head of admissions, it is stated, citing several cases distinctly pointing out the transactions between a confession and an admission and showing many instances where instructions similar to the one in controversy have been admitted in evidence: "Evidence of an admission or declaration of the accused, not amounting to a confession, is not to be excluded because drawn from him by threats or other inducements. Evidence of an admission of a fact not in itself involving criminal intent is not to be excluded for want of the preliminary proof required before receiving a confession, merely because it may, when connected with other facts, tend to establish guilt."

See, also,——v. *Legg,* 3 L. R. A. (N. S.), 1152 where it was held that where a citizen, for the purpose of determining whether or not he would hold an inquest, takes a sworn statement from a person who is not at that time accused of the crime but against whom an indictment is afterwards preferred, that such statement is admissable in evidence against such a person.

See, also, *United States* v. *Kemble,* 117 Fed. 156, where it was held that where a person who was charged with

a crime was summoned before a grand jury and who was sworn and testified, without claiming privilege against incriminating himself, that such statement might be used against him and would be admissible to sustain the prosecution, it being held that testifying without claiming privilege and being compelled to testify after such claim, did not constitute compelling him to give evidence against himself. For the rule is that such statements as involved in this record not amounting to a confession of guilt may be received even though they tend to prove a link in a chain of evidence showing guilt. See 3 Ency. of Evidence, 322, paragraph 4 and authorities there cited.

Cook, J., delivered the opinion of the court.

Appellant was convicted upon an indictment charging him with the murder of his brother. The proof of his guilt depended upon circumstantial evidence alone.

Three reasons are assigned for a reversal, viz.: (1) The evidence did not warrant the verdict. (2) The court erred in permitting the state to prove the statements of defendant, under oath, made as a witness before the coroner's jury investigating the homicide. (3) Refusal of the court to give instructions requested by defendant.

In regard to the first point, we will say that the appellate court cannot overturn the verdict of a jury merely because the court may have reached a different conclusion. If it appears to the court that no rational man could have found in the evidence, proof of defendant's guilt, the court would set aside the verdict. We cannot say this in the present case. The jury, in our opinion, was warranted by the evidence in finding a verdict of guilty as charged.

Appellant was sworn as a witness and voluntarily testified before the coroner's jury. He did not object to answering the questions propounded to him. He was not then charged with the crime, and, so far as the record

shows, there is no reason to assume that the officers of the law at that time suspected that defendant was guilty of the murder of his brother. Be that as it may, it is certain that he was not charged with the crime when he testified at the inquest, and it is also sure that he did not claim his privilege to refuse to answer questions, and in failing to do so he waived his priviledge, if he had any. We think the point made here has been settled by this court against the contentions of appellant. See *Steele* v. *State,* 76 Miss. 387, 24 So. 910, and cases therein cited.

There was no error in permitting the state to prove what the defendant said in his testimony before the coroner's jury.

The third point must be overruled, because the jury was properly and clearly instructed upon the rule which should govern the jury in the consideration of circumstantial evidence.

*Affirmed.*