# CASES ARGUED AND DETERMINED.

### IN THE

# SUPREME COURT OF MISSISSIPPI

### AT THE

## MARCH TERM, 1924.

---

### SHAW v. STATE.*

(Division B.   June 16, 1924.)

[100 So. 519.   No. 24270.]

WITNESSES.   *Testimony of accused may be impeached by showing his contradictory testimony in committing court.*

When a defendant in a criminal case testifies in his own behalf, his testimony may be impeached, just as that of any other witness by showing that he made contradictory statements in testifying in the committing court.

---

*Headnote 1.   Witnesses, 40 Cyc, pp. 2709, 2690.

APPEAL from circuit court of Yalobusha county, First District.

HON. GREEK L. RICE, Judge.

Emanuel Shaw was convicted of murder, and he appeals.   Affirmed.

*Stone & Stone,* for appellant.

The court is called on to decide whether or not a district attorney may withhold not only a part but the chief part of his case until the testimony and case of the defendant is closed, and then under the pretense of contradicting

(1)

what the appellant has said about it, proceed to put on the testimony in chief that has been so improperly withheld.

This testimony is simply to the effect that Emanuel Shaw said nothing in his testimony before Laycook concerning threats or demonstrations by the deceased with a gun. All this under pretense of contradicting the defendant on the stand, when, as a matter of fact, it was substantive testimony and proper, if at all, in the state's case in chief and should have been backed up by a showing as for a confession, that is, by showing that no hope of a reward or fear of punishment was made to induce it and by a showing that the negro was informed by the officers who had him under arrest and on trial that he could exercise his privilege of remaining silent if he saw fit.

The court will observe that the testimony of Laycook and Frost, the sheriff, covers the sole proposition as to whether or not mention was made of the deceased having had a gun; no showing as to what all was said by the defendant on the stand in the lower court, no showing as to whether or nor it was in response to questions, none of these things inquired into, just the simple, naked, bald statement that something was not covered by the defendant's testimony in the local court.

All the decisions and all the textbook writers denounce this method of conducting a criminal case. *Dillard* v. *State,* 58 Miss. 389; *Reddick* v. *State,* 72 Miss. 1008, 16 So. 490; *Butler* v. *State,* 24 So. 316; *Flowers* v. *State,* 85 Miss. 591, 37 So. 814; *King* v. *State,* 74 Miss. 576, 21 So. 235.

*Harry M. Bryan,* Assistant Attorney-General, for the state.

Appellant alleges: That the court erred in admitting, over his objection, the testimony of J. E. Laycook, justice of the peace, and W. N. Frost, sheriff, in rebuttal.

On cross-examination the defendant swore that he testified in the committing trial before Justice Laycook;

that in the committing trial he testified that the decedent had a pistol and that he drew it on him.

After the defense had rested its case the state introduced J. E. Laycook in whose court the preliminary trial was held. The testimony of Sheriff W. N. Frost was practically identical with that of Justice Laycook. We respectfully submit that the testimony of Laycook and Frost was clearly admissible in rebuttal for it flatly contradicted that which appellant adduced in his own behalf upon voluntarily assuming the position of a witness. The state had clearly made out its case in chief when it rested and there was sufficient testimony at the close of its case for the jury to be well warranted in finding appellant guilty as charged in the indictment.

The authorities cited by counsel for appellant have no application to this case. The case of *Steele* v. *State,* 76 Miss. 387, is absolutely decisive of the question under consideration. In the Steele case the court cited authorities from other states in accordance with its views. See 2 Bishop's Crim. Proc., sec. 1069.

Certainly, the state in the trial of the instant case could not have introduced the testimony of Mr. Laycook and Sheriff Frost in anticipation of the testimony of the defendant contradicted by them in rebuttal. It was not only eminently proper for the state to introduce it in rebuttal, but was in fact the only stage in the proceeding where it would have been warranted in so doing.

SYKES, P. J., delivered the opinion of the court.

Emanuel Shaw, the appellant, was indicted, tried, and convicted of the crime of murder, and the jury disagreeing as to his punishment, he was sentenced by the judgment of the court to the penitentiary for life, from which judgment this appeal is here prosecuted.

The testimony for the state was to the effect that appellant went to the house occupied by three negro men at night, and upon coming into the room said, in effect,

to the deceased, Roger Key, that he would teach him how to fool with another man's wife, and immediately began shooting him with a pistol; that Key at that time was sitting on a bench untying his shoes; that Key said nothing and made no hostile demonstration toward the appellant. The appellant testified that he went to the house occupied by these three negroes to remonstrate with all of them about their attentions to his wife; that he was armed for the purpose of protecting himself, if necessary, and especially because of the fact that Albert Key on that morning had threatened to shoot him; that immediately upon coming into the room deceased made a hostile demonstration toward him with a pistol, whereupon he shot in self-defense.

On cross-examination the appellant was asked about testifying in the committing court of the justice of the peace, and whether he there testified to the deceased's trying to shoot him; and also that the deceased had a pistol. He stated in effect that he did. In rebuttal the state placed upon the stand both the justice of the peace and the sheriff who heard this testimony in the committing trial. They testified in effect that the appellant did not say anything about the deceased having a pistol.

It is contended by the appellant that the court erred in admitting this testimony in rebuttal; that the state should have introduced the sheriff and justice of the peace in making out its case.

The state proved all the facts and circumstances relating to the killing in the first instance by an eye-witness. The defendant then testified about the deceased trying to shoot him. It was proper for the state to introduce this testimony in rebuttal as impeaching testimony, to show that in the committing court he made contradictory statements, or at least that his testimony in the two courts was not the same.

When the defendant takes the stand in his own behalf, he thereby becomes a witness in the case, and his testimony may be impeached by showing that he has made

contradictory statements, just as that of any other witness. *Steele* v. *State,* 76 Miss. 387, 24 So. 910.

This is the only assignment of error argued by the appellant.

We find no reversible error in the record, and the judgment of the lower court is affirmed.

*Affirmed.*