ABLES *v.* STATE.

No. 39648          April 11, 1955          79 So. 2d 241

*John B. Gee,* Vicksburg, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

James Ables, the appellant, was convicted of assault and battery, and appeals to this Court.

He took the stand and testified as a witness. The State, in rebuttal, introduced two witnesses who said that Ables' reputation for truth and veracity was bad and they would not believe him upon oath. Ables said he had not placed his reputation for truth and veracity in issue and it was error for the State to thus at-

tack his veracity. In testifying as a witness he necessarily placed his veracity in issue, justifying the State in making the foregoing attack thereon. Sections 1691 and 1693, Miss. Code 1942; Shaw v. State, 136 Miss. 1, 100 So. 519; Phillips v. State, 43 So. 2d 208 (Miss.); and Miller v. U. S., 288 Fed. Rep. 816.

Ables also urges reversal because he says the scope of inquiry into his reputation for truth and veracity was not directed and confined to the community in which he lived. In 53 Am. Jur., page 391, Sec. 725, the method of attack is stated in these words: "And, indeed, the usual method of impeaching the credibility of a witness as one who will not tell the truth and is unworthy of belief is to show the bad general reputation of the witness for truth and veracity in the community where he lives, by impeaching witnesses who know that reputation." The State, in this case, did not strictly follow the rule, as it should have done, but we think the witnesses, court and jurors understood the inquiry was directed to those who knew Ables and who resided in his community and that he was not prejudiced by failure of the State to expressly and strictly so limit the inquiry. Howard Miller was one of the two witnesses who testified as to Ables' reputation for truth and veracity. He said he had lived in Vicksburg thirty-five years; that he had known Ables fifteen years; that Ables lived in Vicksburg; and he indicated Ables had lived in Vicksburg a long time. There was objection to this testimony by Ables, which was overruled. Then this question was asked Miller "You had previously stated that you had known this defendant for about fifteen years. Do you know his general reputation for truth and veracity?" The witness replied, "Yes, I guess I do." The witness was also asked "Is it good or bad? He replied 'It is not good.' " He then said he would not believe Ables on oath.

Joseph Barnes was the other witness who testified as to Able's reputation for truth and veracity. He was a

justice of the peace. He had lived in Vicksburg since 1928. He had been a justice of the peace five years. He had known Ables ten to fifteen years. Ables had lived in his district "at times." He was asked "Do you know what his general reputation is for truth and veracity?" There was objection to this and the court sustained the objection "On the grounds of vicinity if he knows." This question was then propounded "I will ask you if you know what his general reputation in the community for truth and veracity is?", and he replied "It is bad," and he would not believe Ables on oath.

The testimony of both witnesses was, of course, before the same jurors. We think the jurors, as reasonably sensible men, knew the inquiry was directed to the community in which Ables lived, and that it was based upon his general reputation for truth and veracity among the people in the community where he resided.

Witness Barnes, after stating that Ables' reputation for truth and veracity was bad, was asked "You say it is bad?" and he replied "Bad in debts." He was then asked about Ables' veracity and truthfulness and he replied "It is bad," and that he would not believe Ables on oath. Ables urges on the appeal that the statement of Barnes "Bad in debts," made in the manner just set forth, is reversible error. No objection to this statement was made at the time. Had objection been made, the trial judge could have, and likely would have sustained the objection and instructed the jurors to disregard this statement, which would have been the appropriate remedial action to meet the situation.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie, JJ.,* concur.