JOSEPH CAMPBELL *v.* STATE OF MISSISSIPPI.

| 81 | 417 |
| 83 | 7 |

| 81 | 417 |
| f90 | 154 |
| j90 | 163 |

1. CRIMINAL LAW AND PROCEDURE. *Code* 1892, § 1463. *Conservator of the peace. Evidence. Harmless error.*

    Where a conservator of the peace upon a preliminary trial of a party charged with a felony failed to comply with code 1892, § 1463, requiring him to reduce to writing, and certify to the circuit court, any voluntary confession of the accused and the substance of all the material testimony of the witnesses examined, parol testimony is admissible on the trial in the circuit court to show the statements of the accused as a witness in his own behalf on the preliminary trial, and a clearly correct conviction based thereon will not be reversed because the court erroneously permitted the conservator of the peace during the trial to write out and certify the testimony of the accused as a witness before him, and permitted the writing to be read to the jury.

2. SAME. *When certificate to be made.*

    The certificate required by the section (code 1892, § 1463) should be made during the examination before the conservator of the peace or immediately thereafter.

       81 Miss.—27

FROM the circuit court of Yazoo county.

HON. ROBERT POWELL, Judge.

Campbell, appellant, was indicted, tried and convicted of the murder of one Bunk Collins, and sentenced to be hanged. He appealed to the supreme court. The opinion sufficiently states the case.

*Lockard & Lockard,* for appellant.

The testimony taken down by a magistrate in a preliminary hearing of a criminal case, which the law requires him to take in writing, is not competent evidence on the trial of the case unless § 1463 of the code of 1892 has been fully complied with. None of the solemn requirements of the law were performed by the magistrate, Boswell.

The witnesses did not sign what purports to be the substance of the material testimony, the magistrate did not sign the certificate, certifying the said papers to be the record of his court, and the alleged record is not marked filed in the circuit court to show that it was properly returned to the court. This paper was null and void and not competent evidence. *Cunning* v. *State,* 79 Miss., 284; *Wright* v. *State,* 50 Miss., 332.

*William Williams,* assistant attorney-general, for appellee.

The trial court kept within the rule announced in *Wright's case,* 50 Miss., 332; *Cunning's case,* 79 Miss., 286, and *Gilbert's case,* 78 Miss., 302.

TERRAL, J., delivered the opinion of the court.

About the 16th of March, 1902, T. R. Boswell, a justice of the peace in Yazoo county, took the examination of the case of Joe Campbell, charged with the murder of Bunk Collins. Upon the examination Campbell testified as a witness in his own behalf, as it was entirely competent for him to do, and the substance was reduced to writing, but the writing remained without signature or certification. More than five months after

such examination appellant was put upon his trial in the circuit court upon an indictment against him for the murder of Bunk Collins. Upon the trial Boswell testified for the state, and gave to the jury the substance of the evidence of Joe Campbell, which was highly criminating of himself. In addition to the testimony of Boswell of the evidence of Campbell upon his examination before him, Boswell was permitted, at the instance of the district attorney, to write out the substance of Campbell's evidence, and to certify to it there before the petit jury, more than five months after it should have been done, and this was laid before the jury as being in compliance with § 1463, code 1892. This was manifest error. The certification of the evidence of a witness, made under § 1463, should be made during the examination, or immediately thereafter. *Warren* v. *Bray*, 8 Barn. & C,, 813; 1 Greenl. Ev., sec. 485. The error, however, worked no prejudice, as we think, to appellant, because it had already been fully proven to the jury by the sworn testimony of Boswell.

*We find no reversible error in the record, and the judgment is affirmed.*