# CASES ARGUED AND DECIDED

—— IN THE ——

# SUPREME COURT OF MISSISSIPPI,

—— AT THE ——

## OCTOBER TERM, 1903.

SAMUEL MACKMASTERS *v.* STATE OF MISSISSIPPI.

83     1
87   374

1. CRIMINAL LAW. *Homicide. Evidence. Defendant's testimony on former trial. Stenographer's report.*

It is not error on a subsequent trial of a criminal case for the court to allow the prosecuting attorney to read in evidence from the stenographer's report a portion of the testimony of the defendant given on a former trial, in which defendant voluntarily testified as a witness in his own behalf, where defendant was permitted to read omitted portions of such testimony.

2. SAME. *Confessions.*

Such procedure on the part of the prosecuting attorney is not objectionable on the ground that the testimony is in the nature of a confession.

3. SAME. *Authentication. Objection too late.*

An objection to such procedure on the ground that the stenographer's report of the testimony was not duly authenticated cannot be raised for the first time in the supreme court.

4. SAME. *Stenographer's certificate.*

The official stenographer's report of the testimony delivered on a former trial, showing the time, place and circumstances under which it was heard, is sufficiently authenticated by a certificate of that officer to the effect that the report is a true transcript of the testimony delivered in the case.

83 Miss.—1

FROM the circuit court of Tishomingo county.

HON. EUGENE O. SYKES, Judge.

Mackmasters was indicted for the murder of Uriah Mackmasters, his own father, was tried three several times and convicted on each trial of manslaughter. The case has twice before been in the supreme court and the conviction on each of the former appeals was reversed, see *Mackmasters* v. *State,* 81 Miss., 374, and *Mackmasters* v. *State,* 82 Miss., 459.

The facts are sufficiently stated in the opinion of the court.

*Candler & Sawyer,* for appellants.

The court below erred in permitting the state to read to the jury, over the objection of the defendant, parts (and not the whole) of what the state claimed was the testimony of appellant delivered at a former trial.

Defendant objected because first, the proffered evidence was incompetent; second, because it was proposed for the state to read in evidence only a part of the testimony of defendant, given in the trial of this case in 1902; third, because the district attorney did not propose to read the whole of the testimony in the record, and fourth, the proffered evidence is in line with confessions testified to by other witnesses in that trial which defendant went on the stand to explain, and to contradict in certain respects.

After same was read to the jury, the defendant moved to exclude it from the jury, and on the motion to exclude, offered to prove by a witness that before defendant made any statement of any kind, either on the witness stand or off, the defendant asked the witness, "Do you reckon they would hang a fellow for killing his daddy in self-defense?" and that the witness said "I don't know. They would be liable to send him to the pen for five or ten years," and that defendant then said, "What would you do? Would you help a fellow out if they sent him there?" and witness said, "Yes, I would be willing to help you out myself."

This statement of the defendant as read to the jury was incompetent for several reasons. It was incompetent because no foundation of any kind whatever was laid for its introduction. It was not even shown that there had been a trial of this cause at a former term of the court. It was not shown that the record as read was true and a correct copy or transcript from the original notes of the stenographer, and it was not shown that the testimony so transcribed by him was given in open court, and that it was in substance true and correct, and it was not shown that this testimony was read from the record of the former trial as signed and certified to by the judge of the court. In fact no foundation of any kind whatever was made or offered to be made before the introduction and the reading of this record to the jury. In the case of *State* v. *Bolden,* 33 So. Rep., 572, the court holds that it is necessary for the foundation to be laid in order to introduce the testimony of a witness certified to by a stenographer.

The statement was simply a confession of the defendant which the state proposed to introduce and did introduce over his objection. The defendant offered to show by a witness that his confession was made after the promise of the witness to help appellant out in case of his conviction "for killing his daddy in self-defense," and that he made no statement of any kind, either on the stand or off the stand, until after this promise was made to him by the witness who was the deputy sheriff.

It was in substance the same confession made in the jail which was held by this court in its last decision in this case to be incompetent.

The statement as read to the jury was also incompetent for the reason that the district attorney only read parts of it and left out parts thereof, over the objections of the defendant. The law requires as we understand it, that if any of the statement is read, then all of it must be read.

This certainly was error for the reason that this court has expressly held in the case of *Coon* v. *State,* 13 Smed. & M.,

250, that "the rule is well settled that statements or confessions of the party to be affected, must be delivered to the jury precisely as made. 2 Phillip's Evidence, n. 224, p. 247; 1 Bishop's Crim. Procedure, sec. 1241; *People* v. *Navis,* 3 Cal., 106; *People* v. *Murphy,* 39 Cal., 52; *Harrison* v. *State,* 20 Tex. App., 387; *Brown* v. *Commonwealth,* 33 Am. Dec., 263; *People* v. *Gelabert,* 39 Cal., 663; Wharton on Crim. Ev., sec. 667; 6 Am. Rep., 249, and note entitled "Confessions subsequent to one induced by improper influence."

There was not sufficient proof upon which to find the defendant guilty and the motion for new trial should have been sustained and the verdict set aside on the insufficiency of the evidence if not on the absolute want of evidence.

*J. N. Flowers,* assistant attorney general, for appellee.

Three different juries, thirty-six men, have passed upon the evidence against this man, and all have declared him guilty. They had the accused before them, they heard the witnesses testify, they heard the defense of able counsel, they knew of reversals by the supreme court, yet they persist in a verdict of guilty. His neighbors and peers continue to declare him guilty; he surely must be a guilty man. .

As to the contention of counsel that the record from which appellant's testimony on a former trial was read was not properly authenticated, that no foundation was laid for its admission, it is sufficient to say that this objection was not made at the hearing, nor is it contained in the motion for a new trial.

. The contention urged here with the greatest vigor is that the court committed an error in allowing the district attorney to read parts of the record without reading it all. It does not appear how appellant was thus harmed. The court extended to counsel of defendant the privilege of reading the omitted parts if they saw fit, and this they failed to do. If there were any omitted parts which were exculpatory or modifying, then counsel ought certainly to have shown this fact to the court and

demonstrated the threatened injury. They do not even now show that any harm was done, but simply recline at ease upon an alleged abstract proposition that where part of a record is read it must all be read. It does not appear but that the state read, in every instance, all the defendant had said upon any fact about which he was testifying. It does not appear that there was anything omitted in the readings from the record that would, in any manner, have modified that which was read. Counsel refused to ward off a threatened injury, or to cure an accomplished one by making use of a remedy extended to them, preferring to rely upon a reversal because of a supposed fatal error. This is as simple as trapping for pet pigs; it is playing with the court.

But there is no such abstract proposition as that relied upon by counsel, and it cannot be found in the authorities cited by them.

In discussing incomplete statements as to confessions, it is held that such are admissible "where there are no circumstances suggesting that the confession was incomplete and would be modified if all that the accused said was before the jury." And if there was further confession which would modify the statement proved, then it is proper for the accused to show same by other witnesses. 6 Am. & Eng. Enc. Law (2d ed.), 576, and authorities cited. In the case at bar, counsel preferred not to show that which they now contend would have modified the parts read, although they were advised by the court that they could read the omitted parts if they saw fit.

The testimony of one given by him on a former trial of his case in which he took the stand as a witness is admissible against him. He went on the stand before in his own behalf, in the presence of the court and under the advice of counsel. The strict rules of law governing the admission of confessions are not applied to statements of this kind. *State* v. *Eddings*, 71 Mo. 545; 36 Am. Rep., 496; *State* v. *Jefferson*, 77 Mo., 136.

TRULY, J., delivered the opinion of the court.

This is the third time this case has been appealed to this court. The first appeal was reversed on account of errors committed in the cross-examination of witnesses for the defendant by the district attorney. 81 Miss., 374; s. c., 33 South., 3. The second appeal was reversed because of the improper admission of alleged confessions which were shown not to have been freely and voluntarily made. 82 Miss., 459; s. c., 34 South., 156. Upon the third trial of this case the district attorney was permitted to read from the official stenographic notes taken upon the first trial a portion of the statement made by the defendant, who voluntarily took the witness stand and testified in his own behalf. To this defendant objected, and, his objections being overruled, excepted to the ruling of the court. The district attorney read only a portion of the testimony so given by the defendant upon the previous trial. This, too, was objected to by the defendant, who insisted that the district attorney be required to read the entire testimony of the defendant. The court overruled this objection, but granted to the defendant's counsel the privilege of reading the parts omitted by the district attorney or any part thereof that they might desire. The defendant's counsel did not avail themselves of this offer of the court, and did not read any of the parts of the statement which were omitted by the district attorney, contenting themselves with excepting to the ruling of the court, and this action of the court is one of the main grounds relied upon by counsel for the defendant for a third reversal of this cause.

It is well-settled law in this state that, where a defendant chooses to take the witness stand and testify in his own behalf, in any court, his statement upon that occasion can be used against him upon any future trial of the cause. In *Hill* v. *State*, 64 Miss., 440, 1 South., 495, Campbell, J., speaking for the court says: "He (the defendant) was examined as a witness for himself before the committing court, and his testimony there was read in evidence on his trial in the circuit court.

Although he objected to this, it was clearly admissible."
Where the state uses one as a witness in the investigation of a
criminal charge, the evidence thus obtained may not afterward
be used against the person giving it; but where the statute
makes an accused person a competent witness in his own behalf,
and he testifies in the exercise of his right, this testimony may
afterward be used against him." See, also, *Steele* v. *State,* 76
Miss., 387, 24 South., 910; *Campbell* v. *State,* 81 Miss., 417,
33 South., 224. This rule so repeatedly approved by our court,
is the true rule. Where a defendant who is by statute granted
the privilege of testifying in his own behalf, or, if he so chooses,
of remaining silent, in which event the district attorney is for-
bidden to comment on the fact of his silence, deliberately decides
to assume the character of a witness, he assumes all the incidents
of that position. No wrong was done the defendant by using
his own statement of the details of the transaction delivered by
him under the sanctity of an oath.

This is in no wise, as counsel for appellant contend, in the
nature of a confession, and therefore the objection urged on that
ground is not maintainable; nor did the state in any manner
make the defendant its own witness by repeating to the jury
his own story as told upon a former trial, and the fact that
some portions of the statement so read reflected upon the cred-
ibility of the defendant cannot be distorted into violation of the
rule which forbids a party introducing a witness afterward
impeaching him.

We think the official stenographer's notes as disclosed by this
record, and from which the district attorney read, sufficiently
authenticated to admit of their introduction. No objection was
made on this ground at the time of the proposed introduction,
and this was not assigned specifically as error in the motion for
a new trial. Aside from this, the record shows that these were
the notes of the official stenographer; shows the time, the place,
and circumstances under which they were taken, whose testi-

mony is detailed therein; and is certified by the official stenographer as being a true transcript of the testimony given in the said cause.    We think this sufficient.

There was an utter absence of testimony that the statement of defendant which was read to the jury was not freely and voluntarily made, and the court properly overruled the objection based on that ground.

The contention that the state should have been compelled to read the entire testimony of defendant, including that portion in reference to the confession improperly admitted on the previous trial, is without substantial merit.    The defendant was granted the privilege of introducing the entire statement, and this met every requirement of the rules of evidence.

The second ground mainly assigned as error and earnestly insisted upon by counsel for defendant is the insufficiency of the testimony to sustain the verdict.    Upon the first appeal of this cause this court expressly said that it would not reverse the cause unless on account of the errors of law which were disclosed in that record, and this record contains practically the same state of facts.    But, looking at this question as if not before presented, we think the facts here disclosed fully warrant the conviction of manslaughter, and, in our opinion, the defendant has no ground to complain of the verdict or the sentence. Here is a state of case in which bitter antecedent malice, mutually entertained, had existed for years, marked with personal difficulties and continued bickerings and strife.    Father and son were in open hostility towards each other.    The father is found dead upon a by-path, at night, four hundred yards from his own residence, and about one hundred yards from the son's residence.    Footprints are found, showing the marked peculiarity of the defendant's track, near the place where the dead body lay.    The defendant is found soon afterward a short distance from the scene of the homicide, and upon being accosted denies all knowledge of his

father's death, and later, when he visits the place of the homicide, his attention being called to the footprints, and being told that witnesses would testify that he made them, he takes an early opportunity to clandestinely obliterate them. Further, his wife states that he arose from his bed upon hearing some noise (she knew not what), and, arming himself with a gun, half clad, he left the house, returning shortly thereafter. He again disappeared, and was not seen again until he puts in an appearance at the house where his father's dead body then lay. When all these facts are taken into consideration, coupled with his own story, disjointed and contradictory, of how the difficulty occurred, it is no matter of wonder that the jury distrusted the plea of self-defense which he interposed. Certainly this appellant has had every opportunity granted him which the law could possibly afford. Three juries have passed upon his story, and each believed his guilt. Twice the punishment of the law was postponed by errors committed, but this time, after a thorough investigation of all questions of law and fact, we find no reversible error, and he must at last suffer the penalty of his crime.

*Affirmed.*