SCOTT WILLIAMS *v.* STATE OF MISSISSIPPI.

[39 South. Rep., 1006.]

CRIMINAL LAW.  *Defendant as witness.  Impeachment.  Previous crime.*
   *Code* 1892, §§ 1743, 1746.

   A defendant in a criminal case electing to become a witness in his
   own behalf becomes subject to impeachment on cross-examination
   by proof of a previous conviction of crime, as other witnesses,
   under Code 1892, §§ 1743, 1746.

FROM the circuit court of Grenada county.

HON. J. T. DUNN, Judge.

Williams, the appellant, was indicted and tried for and con-
victed of murder, and appealed to the supreme court.   On the
trial of the case in the circuit court the state's attorney, upon
cross-examination of the defendant, asked him the following
question: "Have you ever been convicted of any crime?"  The
action of the court in permitting this question and the affirmative
answer thereto to go to the jury over the objection of the defend-
ant presented the point of greatest contention before the supreme
court.

The code sections (Code 1892, § § 1743, 1746) referred to in
the opinion of the court are in these words:

"1743.   *Conviction, except for perjury, no disqualification.*—
A conviction of a person for any offense, except perjury and sub-
ornation of perjury, shall not disqualify such person as a witness,
but such conviction may be given in evidence to impeach his cred-
ibility.  A person convicted of perjury or subornation of perjury
shall not afterwards be a competent witness in any case, although
pardoned or punished for the same."

"1746.   *Witness examined touching interest or conviction.*—
Any witness may be examined touching his interest in the cause
or his conviction of any crime, and his answers may be contra-
dicted and his interest or his conviction of a crime established

by other evidence; and a witness shall not be excused from answering any question, material and relevant, unless the answer would expose him to criminal prosecution or penalty."

*S. B. Williams,* for appellant.

The court below allowed the prosecution to ask defendant if he had ever been convicted of any crime, although the appellant did not offer evidence of his character nor in any way offer to show it. Appellant's character was thus attacked without his putting it at issue. *Kearney* v. *State,* 68 Miss., 233; *McQueen* v. *State,* 18 South. Rep. (Ala.), 843.

*R. V. Fletcher,* assistant attorney-general, for appellee.

There was no error in refusing to permit counsel to show that deceased had been convicted of manslaughter. The court offered to permit defendant to show the character of deceased for peace or violence, but declined to go into particular acts. This was correct. *Kearney* v. *State,* 68 Miss., 233 (s.c., 8 South. Rep., 292).

TRULY, J., delivered the opinion of the court.

The assignment of error based upon the cross-examination of the appellant is untenable. The accused is by statute made a competent witness in his own behalf in any prosecution for crime against him. The privilege is granted him of becoming a witness if he shall so decide; but, if he does, he assumes all the incidents of the position of witness. *Mackmasters* v. *State,* 83 Miss., 1 (35 South. Rep., 302). One of the incidents of the position of witness is the right of the opposing side to impeach his credibility by proving a previous conviction of any crime. Code 1892, § § 1743, 1746. The fact that the witness is the defendant testifying in his own behalf does not change the rule. *Lewis* v. *State,* 85 Miss., 35 (37 South. Rep., 497). It was, therefore, not error to permit the district attorney, on cross-examination of the appellant, to elicit the fact that he had previously been con-

victed of a crime, even though simply a misdemeanor.    *Helm* v. *State,* 67 Miss., 562 (7 South. Rep., 487).    All the other assignments of error are so palpably without legal merit as to require no discussion.

We decline to disturb the verdict on the facts.    The testimony of the state's witness, strongly corroborated by the admitted attendant circumstances, demonstrates to a moral certainty that the homicide was a deliberate assassination.    Appellant's story was so unreasonable in itself, and at such utter variance with the proven physical facts, as to carry its refutation with its statement.    *Affirmed.*