## MAJOR JACKSON v. THE STATE.

1. CONFESSIONS. *Testimony on former trial.*
The testimony of a prisoner on the trial of one indicted jointly with himself, but separately tried, cannot be used afterwards against him when he is tried for the same offence.

2. BILL OF EXCEPTIONS. *Special bill. Admission of incompetent evidence.*
An affirmance cannot be had upon the ground that, notwithstanding the admission of incompetent evidence, the other evidence in the case fully establishes the point, if the case comes up on a special bill of exceptions which does not purport to set out all the evidence.

3. SAME. *Special exceptions. One bill. Motion for new trial unnecessary.*
If special exceptions are taken during the trial, which are all set out in one bill of exceptions at its conclusion, the party does not thereby lose the benefit of his exceptions, although no motion is made for a new trial.

ERROR to the Circuit Court of Alcorn County.

Hon. J. A. GREEN, Judge.

The case is stated in the opinion of the court.

*A. Y. Harper*, for the plaintiff in error.

1. The court erred in admitting the testimony of the prisoner, given under oath on the trial of his accomplice.

2. The rule that a verdict, right on all the testimony, shall not be disturbed for the admission of incompetent evidence, has no application to this case, (1) because it is a capital case, and (2) because the bill of exceptions does not set out all the evidence.

*T. C. Catchings*, Attorney-General, for the State.

1. It sufficiently appears that all the testimony is set out in the bill of exceptions; and it shows that the verdict is right, apart from the testimony of the prisoner on the former trial.

2. The bill of exceptions is a general bill; and, there being no motion for a new trial, there is nothing for this court to consider, and the judgment must be affirmed.

CHALMERS, J., delivered the opinion of the court.

The plaintiff in error was convicted of murder, and sentenced to be executed. At a term of the court preceding that at which he was tried, he had been by the State introduced as a witness against one Robertson, who was jointly indicted with himself for the same crime, and upon his own trial there was proved against him the testimony which he had himself given against Robertson.

That this was erroneous is settled by *Josephine's Case*, 39 Miss. 614. That he was cautioned by the circuit judge, at the time he testified against Robertson, that he need not tell about his own connection with the crime, does not affect the result. The principle is, that no statement made upon oath in a judicial investigation of a crime can ever be used against the party making it, in a prosecution of him for the same crime; because the fact that he is under oath, of itself, operates as a compulsion upon him to tell the truth, and the whole truth, and his statement, therefore, cannot be regarded as free and voluntary. 1 Arch. Cr. Pl. & Pr. (Pomeroy's ed., 1877), top p. 386, side p. 126.

The principle is ably considered and the authorities reviewed by the Court of Appeals of New York, in *The People* v. *McMahon*, 15 N. Y. 384, in which it is said that it will only apply where the person examined was at the time under suspicion or arrest on the same charge, though it is not necessary that he should be held under formal papers, if in fact he was in custody. The limitation is not important here, since plaintiff in error was in legal confinement on the same charge when he testified against Robertson.

There were extra-judicial confessions of plaintiff in error proved against him, which were entirely competent, and which were substantially the same as those contained in the testi-

mony by him delivered against his accomplice.    If the case
was before us on a general bill of exceptions taken to the over-
ruling of a motion for new trial, it might be proper to affirm
the judgment, notwithstanding the admission of the illegal tes-
timony.    But the bills of exception are special to the action of
the court in the admission of evidence.    They do not purport
to contain all the testimony in the case, nor was it necessary
that they should.    The testimony of the prisoner given on
the trial of his accomplice being incompetent in any possible
state of the case, its admission was necessarily erroneous.
We cannot say that the verdict was nevertheless right upon
the whole testimony, because we are not advised that we have
it all before us ; and, while ordinarily this will be presumed as
to a general bill of exceptions, embodying the testimony on the
overruling of a motion for a new trial, no such presumption
exists as to special bills.    *Bowers* v. *Ross*, 55 Miss. 213.

The exceptions in this case are not set out in separate bills,
separately signed, but are all embraced in one bill, which is
signed once for all by the judge, at the conclusion.    It con-
tains much other testimony besides that specially excepted to,
and it may contain all the testimony delivered, but it does not
purport so to do.    It was held, in *Lindsey* v. *Henderson*, 27
Miss. 504, that this was a proper and commendable method of
making out special bills of exception, and would be consid-
ered as presenting all the exceptions shown to have been taken
during the progress of the cause.    In that case, as in this,
there was no motion for a new trial.    It is needless to remark
that the defendant did not thereby lose the benefit of the ex-
ceptions properly taken during the conduct of the trial.

Judgment reversed, and new trial awarded.