## A. FARKAS *v*. THE STATE.

CRIMINAL LAW. *Evidence. Testimony of defendant before coroner's jury.*

  The testimony given before a coroner's jury investigating a homicide, by one under arrest because suspected of having committed the crime, is not admissible in evidence against him when tried upon an indictment, subsequently found, charging him with murder in the commission of the offence investigated by the conorer's jury.

|       |       |
|-------|-------|
| 60    | 847   |
| a76   | 393   |
| 76    | 395   |
| 60    | 847   |
| f89   | 436   |

APPEAL from the Circuit Court of Warren County.

Hon. WARREN COWAN, Judge.

Emma Farkas was killed on the 13th of July, 1882. A coroner's jury was summoned to investigate the killing. There was no positive evidence pointing to the guilty party, but the circumstances cast suspicion upon A. Farkas, the husband of the deceased, and he was arrested by "order of the coroner's jury." While under arrest, he was brought before the coroner's jury, and after being sworn made a lengthy statement detailing facts and circumstances intended to fix the murder on unknown persons, who he said entered his house and oy violence separated him from his wife; which statement was reduced to writing, read to him, and signed by him.

Subsequently Farkas was indicted for the murder of his wife; and upon his trial his statement, made before the coroner's jury, after being identified by witnesses, was read in evidence for the State, against the objection of the defendant.

Farkas was convicted, and sentenced to be hanged. Thereupon he appealed to this court.

*W. R. Spears*, for the appellant.

It was error for the court to permit the district attorney to read in evidence the appellant's statement made before the coroner's jury. Whether it tended to criminate appellant or exculpate him, or for whatever purpose it may have been intended, it was erroneously admitted. *Jackson v. The State*, 56 Miss. 311, and cases there cited.

*L. W. Magruder*, on the same side.

There is no foundation for a distinction between statements,

made under oath by one who is a party defendant, to a judicial investigation on the one hand ; and on the other, statements, so made, by one as a witness, and not defendant — although under suspicion and under arrest. The testimony of one accused before a committing magistrate possesses not the shadow of any quality which can, in reason, render it more unreliable than the testimony of one, under oath and arrest, before a coroner. *The State v. Gilman*, 51 Me. 224 ; *Hendrickson's Case*, 10 N. Y. 131 ; *Teachant's Case* 41 N. Y. 9.

*T. C. Catchings*, Attorney-General, for the State.

The distinction between the cases of *Josephine v. The State*, 39 Miss. 650, and *Jackson v. The State*, 56 Miss. 312, and the one before the court, consists in the fact that in the former cases the testimony of the defendant, was upon a judicial examination, while in the latter case the examination was wholly extra-judicial. The former is the examination of a party, the latter of a witness. The true rule seems to be that the statement of an accused person may always be read against him, except when made in the course of some judicial examination in which he is defendant ; that he must occupy the relation of a party to the prosecution, and not merely that of a witness, to make his statement inadmissible. *Hendrickson v. The People*, 10 N. Y. 28 ; *The State v. Gilman*, 51 Me. 218 ; *The People v. McMahon*, 15 N. Y. 385 ; *Teachant v. The People*, 41 N. Y. 7. It was decided by Chief Justice Ruffin, in *The State v. Broughton*, 7 Ired. 101, that the statement was always admissible, whether under oath or not, so long as it was not an actual confession of guilt.

Campbell, C. J., delivered the opinion of the court.

It was erroneous to admit in evidence, the testimony given by the appellant as a witness before the coroner's inquest. He was then a prisoner charged, not formally, but in fact, with the crime of the murder of his wife, whose death was the subject of inquisition, and it is deducible from all the authorities that it was not admissible, afterwards, to give in evidence

against him, on his trial for the crime, the evidence given by him as a witness sworn before the inquest engaged in the investigation of that very crime. *Josephine* v. *The State*, 39 Miss. 613 ; *Jackson* v. *The State*, 56 Miss. 311 ; *Hendrickson* v. *The People*, 10 N. Y. 13 ; *McMahon* v. *The People*, 15 N. Y. 384 ; *Teachant* v. *The People*, 41 N. Y. 7.    1 Archb. Cr. Pr. & Pl. *126, note 2, and cases there reviewed.

We decline to decide any other question in the case.

Judgment reversed and new trial granted.