## CHRIS FORD *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Confession. Admissibility of same.*

A confession of the crime of burglary by a boy thirteen years of age, of dull mind and pliant nature, made to the officer having him in custody, and after an assurance by the officer that it would be better for him to tell of the crime if he had been influenced to take part in it by older persons, is inadmissible in evidence against him. *Peter* v. *State*, 4 Smed. & M., 31; *Simon* v. *State*, 37 Miss., 288, cited.

2. SAME. *Voluntary statement on preliminary hearing. Accused entitled to warning.*

The self-criminating statements made by a boy thirteen years of age, at a preliminary hearing before a justice of the peace, on a charge of burglary, are not admissible in evidence against him, when it appears that he made them while being used as a witness for the prosecution and in the course of a subsequent voluntary statement, without any warning whatever as to the consequences of a confession. *Peter* v. *State*, 4 Smed. & M., 31; *Williams* v. *State*, 72 Miss., 117, cited.

FROM the circuit court of Holmes county.

HON. W. F. STEVENS, Judge.

The opinion states the case.

The reporter finds no briefs in the record of this case.

STOCKDALE, J., delivered the opinion of the court.

Appellant was indicted for burglary at the May, 1896, term of the Holmes county circuit court, with eight others. At the November, 1896, term, a demurrer to the indictment was interposed and sustained, and leave given the state to amend, which was done, and a trial had, resulting in the conviction and sentence of this appellant to imprisonment in the penitentiary for three years. The testimony shows that about the middle of February, 1896, a storehouse in Goodman, Holmes county, was broken and entered in the night time, and probably—not certainly—some goods taken; the goods had been disturbed. The indictment alleged that the storehouse and goods were the property of the estate of J. H. Waugh, but after the demurrer was sustained on that ground, the district attorney, by leave of the court, amended the indictment, by striking out the words, "estate of J. H. Waugh," and inserting the names of his heirs as owners of the house, and the name of Wm. Godfrey, his administrator, as owner of the goods, which action is assigned for error, among others.

The admission as evidence, on the trial, of the confessions of the accused, is also assigned as error. This assignment is of grave importance, in view of the fact that there is no evidence against the accused, except his confessions, and no corroborating circumstances to sustain them.

On the preliminary examination touching the admissibility of the confessions, R. B. Jenkins testified that he was, in February last, and still is, the marshal of Durant; that he arrested the accused; that the accused made to him a voluntary confession, without threat or promise by the witness. He told witness that he did not break in, but others did, and described them, but witness did not know anyone described. Then the examination proceeded: "*Question:* Did you say anything else?" "*Answer:* No, sir; I did not." "*Ques.:* Then he just made the statement?" "*Ans.:* I was going down to the depot, and I asked him about the boys, and I told him,

'Boy, if I were in your place, as you are a young fellow and was led by older people, it would be best for you to tell it if you were in there; but if you were not in there, don't you tell it.'" In his testimony before the jury, on cross-examination, R. B. Jenkins, the marshal, testified: "I told him this: 'Boy, you are a young fellow, and if you were influenced to go into Waugh's store by older people, I would tell it·'" "*Ques.:* Did you tell him it would be better for him?" "*Ans.:* Yes, sir; I was an officer, and it was my duty to find out; it was my duty. The boy admitted it, and told me all about it before I got to Goodman." All the confessions the boy made to the marshal were made on the train, on the way from Durant to Goodman, while in the marshal's custody charged with the crime of burglary. Immediately upon his arrival at Goodman, he was taken to the store that had been broken into, and, in the presence of Mr. Waugh and about thirty other people, still in custody of the marshal, he repeated the same confessions.

R. J. Moody, justice of the peace, testified that he had those charged with the breaking before him, on preliminary investigation, and put this boy, a thirteen-year-old negro boy, not bright, and swore him and used him as a witness against the others. An attorney was prosecuting, no attorney for the defense; and when they got through, at the close of the testimony, the boy under oath, the justice of the peace informed him he could make a voluntary statement that could be used for him or against him. This justice of the peace testified that he "thought this boy pleaded not guilty when arraigned, but afterwards admitted he was in it." In answer to the question what was said by the boy in his voluntary statement, the justice of the peace said: "I don't remember. I know he said he was in it."

The defendant's counsel here moved to exclude the confessions as not voluntary. Motion overruled and exceptions taken. The appellant swore that he made the confessions because he was promised if he would tell it would be best for

him, and if he would testify against the others he would be turned loose; that he made the confessions with that hope, but they were not true.

A. M. Pepper testified: "I know Chris Ford; he worked on our place awhile, and I have had an interest in him ever since." "*Question*: What is the nature of his mind as to brightness? *Answer*: He is just this way: If you ask and want him, he is going to give you the answer you desire. If you want a ' yes ' he will give it to you, and if you want a 'no ' he will give you that."

After all the evidence was in, the attorney for defense moved to exclude the evidence. The motion was overruled and exceptions taken. A motion for a new trial being overruled, and defendant sentenced to the penitentiary for three years, appealed, and assigns for error, among others, admission of the confession of the accused, and the refusal to grant a new trial to defendant.

It is manifest that the confessions obtained by the marshal while the boy was in his custody were inadmissible. *Simon* v. *State*, 37 Miss., 288. And it follows that the repetition of these confessions to Mr. Waugh, immediately afterwards, in presence of thirty other men and the marshal, were equally inadmissible. *Peter* v. *State*, 4 Smed. & M., 31. This boy was put upon trial the next day after these confessions were made, and was used as a state witness against the other prisoners. The record shows that he was put upon the stand, and sworn as a witness, examined by the prosecuting attorney, was not warned nor cautioned as to his rights, and, after that was all done, the justice of the peace informed him: "Now you can make a voluntary statement." He informs us in his testimony that he tried this boy for burglary, put him on the stand as a witness, gave him no caution as to his rights, and, after his evidence was all in, gave him the privilege of making a voluntary statement, and said: "I think I told the boy it could be used for or against him." It is laid down in Peter's case, *supra*, that there must

be very clear and strong evidence of explicit warning by the magistrate of the consequences of the confession. The action of the magistrate in this case fell far short of that rule.

In this case it may be safely said, as was said in *Williams* v. *State*, 72 Miss., 117, we are of the opinion that it does not appear to have been a voluntary confession, clearly and beyond doubt, and that it was error in the court below to refuse to rule out the confession, and in refusing to grant a new trial. Under this view of the evidence, we deem it unnecessary to review the ruling of the court in allowing the indictment to be amended.

*The judgment is reversed, and the cause remanded.*