SMITH *v.* STATE.

(Division B.   April 20, 1931.)

[133 So. 681.   No. 28802.]

Dent & Montgomery, of Cleveland, for appellant.

**Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **Walter Dent**, for appellant, and by **Edwin R. Holmes, Jr.**, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant was jointly indicted with Harry Smith and Orvil Herrington for the murder of one Walter Harrison. He was placed upon trial and convicted of manslaughter and given a sentence of ten years in the state penitentiary.

It will be unnecessary to set out the facts of the case, but it is sufficient to say that a careful examination of the evidence shows that the jury were warranted in returning the verdict that was returned. The instructions complained of constitute no reversible error, but, in fact, are the instructions very usually given in murder trials. Grover Smith, the appellant, had testified on the trial of Harry Smith, his .brother, who had been tried prior to the entering upon this trial, testifying as a witness for the defense. When the state offered this evidence, an objection was made, but the circumstances under which the testimony was offered in the previous trial were not stated in the objection or developed at the time the evidence was offered. The state proved by the stenographer who took the testimony at the former trial that Grover Smith voluntarily testified as a witness in that case, and circumstances under which it was done were not further developed either by the state or the defendant.

In Josephine v. State, 39 Miss. 614, the court held that it was error to introduce evidence given by a defendant in the trial of a person jointly indicted for the same crime, where the defendant had been used as a witness by the state.

In Jackson v. State, 56 Miss. 311, it was held that testimony for the state of a prisoner on trial of one jointly indicted with himself, but separately tried, cannot be used as evidence against him when he is tried for the same offense.

In Farkas v. State, 60 Miss. 847, it was held that testimony given before a coroner's jury investigating a homicide by one under arrest because suspected of having committed the crime is not admissible in the evidence against him when tried upon an indictment subsequently found charging him with the murder in the commission of the offense investigated by the coroner's jury.

These cases were cases where the evidence objected to was offered by the state, and the defendant was used as a witness by the state.

In Hill v. State, 64 Miss. 431, 1 So. 494, it was held that, where a witness was examined on his own behalf, and voluntarily testified, his evidence was admissible in a subsequent trial against him. The rule in this case was clearly set forth as to whether it is admissible or not at page 440 of the Mississippi Report (1 So. 494, 496), where the court said: ''Where the state uses one as a witness in the investigation of a criminal charge, the evidence thus obtained may not afterward be used against the person giving it. Josephine v. State, 39 Miss. 613; Jackson v. State, 56 Miss. 311; Farkas v. State, 60 Miss. 847. But where the statute makes an accused person a competent witness in his own behalf, and he testifies in the exercise of his right, his testimony may afterwards he used against him. No right of the appellant was violated in offering his own version of the encounter in which he killed Brown as evidence against him, and on this evidence he was properly convicted, and may facilitate himself that he was not found guilty of murder.''

In Steele v. State, 76 Miss. 387, 24 So. 910, it was held that a defendant in a criminal case, who voluntarily becomes a witness, assumes the incidents and burdens at-

taching to that character. At page 394 of the Mississippi Report (24 So. 910, 911), the court said: "But since the passage of the act making defendants witnesses in their own behalf (Act Feb. 27, 1882; Code 1892, sec. 1741), this principle has undergone necessary modification. When a defendant now offers himself voluntarily as a witness in his own behalf, in any form of judicial investigation, when charged with a crime, he, thus assuming of his own accord the character of witness, must accept all the incidents and responsibilities attaching to the character of witness. And in such case, if his sworn statement has been reduced to writing by a coroner or magistrate, it may be offered against him in the trial in the circuit court; and, if not, he may be contradicted by witnesses who heard his testimony thus voluntarily given. This is settled in this state and elsewhere"—citing authorities.

In Cooper v. State, 89 Miss. 429, 42 So. 601, 602, it was held that it was error to admit against accused his testimony before the grand jury, where he did not voluntarily go before the grand jury and testify. The opinion in this case is short, and rendered by Judge CALHOUN, who said: "It was error to permit the testimony of what the accused said as a witness under oath before the grand jury. He was then in custody on the charge of committing the very crime for which that grand jury indicted him, and there is evidence in the record that he was induced to make the statement by precedent undue influence. This state is thoroughly committed to the doctrine of its nonadmissibility. Josephine v. State, 39 Miss. 650; Jackson v. State, 56 Miss. 312; Farkas v. State, 60 Miss. 848; Ford v. State, 75 Miss. 104, 21 So. 524. We do not want to be understood as in any degree differing from Steele v. State, 76 Miss. 393, 24 So. 910. In the case now in hand it sufficiently appears from the circumstances that appellant did not voluntarily go before the grand jury and deliver the oath. We decide no other question."

It will be seen from a reading of these authorities that, if the testimony is given under compulsion of an oath, it is not to be admitted as against the defendant charged with crime, but, if he voluntarily testifies, his testimony is admissible against him in a subsequent trial for the offense. We do not now decide whether testimony of a defendant who had testified for a codefendant under compulsion of court process and not voluntarily and without information as to his rights to decline to testify would be admissible or not. In the case in 56 Miss. 312, supra, the court held that it was immaterial that the trial judge instructed the defendant that he did not have to testify to anything that made a criminal offense against himself, but, when the state had compelled him to testify against his will, his testimony was not admissible at all. It appears in this instant case that the testimony was voluntary. The accused voluntarily testified in behalf of his brother, who was on trial for the same offense, and this is not disputed, and the objections at the time the testimony was offered did not show it was under any compulsion, and it should have then been shown if such was the fact, because, when the testimony is offered, its competency is then to be decided by the trial judge, and all evidence affecting its competency should then be offered.

We find no reversible error in the case, and the judgment is therefore affirmed. Affirmed.