YAWN *v.* STATE.

April 19, 1954

No. 39145 61 Adv. S. 40 71 So. 2d 779

*W. Arlington Jones,* Hattiesburg, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant was convicted in the county court on a charge of the unlawful sale of intoxicating liquor, which conviction was affirmed on appeal to the circuit court, and is now brought here for review. Appellant's guilt

is shown conclusively by the evidence but he raises two questions with which we will deal.

1. Prior to the trial of this case the State Tax Collector had instituted a civil suit against appellant for the collection of penalties for the unlawful sale of intoxicating liquor. On the trial of that suit appellant voluntarily testified as a witness in his own behalf, and admitted the sale by him to a deputy collector of a bottle of whiskey. The conviction now before us for review involves the sale of identically the same bottle of whiskey which was introduced and identified in both trials. Appellant contended in the county court and contends here that upon his testifying in the civil suit brought against him by the State Tax Collector he was granted immunity from the prosecution of this criminal case under Section 2630, Code of 1942. We do not agree with that position. It was not the purpose of the statute to grant immunity to a person who has voluntarily testified, even though it may be as a witness for himself, in another proceeding. In the case of Turnage v. State, 134 Miss. 431, 99 So. 9, where the defendant had previously testified at the instance of a codefendant, we held that it was not the purpose of the statute to furnish immunity to witnesses testifying on behalf of other defendants charged with violation of the prohibition laws, but that its purpose was to give the State the right to pardon or grant immunity to witnesses in consideration of their testimony on behalf of the State. We adhere to that decision. It finds support in the later case of Smith v. State, 160 Miss. 227, 232, 133 So. 681, where, after reviewing numerous authorities, the court said: ''It will be seen from a reading of these authorities that, if the testimony is given under compulsion of an oath, it is not to be admitted as against the defendant charged with crime, but, if he voluntarily testifies, his testimony is admissible against him in a subsequent trial for the offense.''

2. Appellant further contends that the trial court erred in admitting the testimony of the court reporter who had taken down the evidence at the trial of the suit against him by the State Tax Collector and who testified that upon that trial appellant had himself testified that he sold the whiskey in question. Appellant says that this evidence is hearsay and that position would be correct if the court reporter had been permitted to testify what some other witness had said on the former trial. However, it has never been the rule that voluntary admissions of a defendant himself made either in or out of court are hearsay. They are admissions against interest. In Smith v. State, supra, the Court quoted with approval from Steele v. State, 76 Miss. 387, 24 So. 910, as follows: "When a defendant now offers himself voluntarily as a witness in his own behalf, in any form of judicial investigation, when charged with a crime, he, thus assuming of his own accord the character of a witness, must accept all the incidents and responsibilities attaching to the character of a witness. And in such case, if his sworn statement has been reduced to writing by a coroner or magistrate, it may be offered against him in the trial in the circuit court." We think the testimony of the court reporter was clearly admissible and that the judgment of the lower court should be affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.