GILLESPIE, Chief Justice:
William Howington was convicted in the Circuit Court of Copiah County of the crime of embezzlement of a 1962 Chevy II automobile, and was sentenced to serve a term of three years in the state penitentiary. From this judgment defendant appeals.
On Saturday, August 21, 1970, defendant visited the residence of Henry E. Newman in Wesson, Mississippi. The two men had been acquainted for twenty-five years and were good friends. Defendant contends that the purpose of this visit was to renew their old friendship, but Newman testified that defendant stated that he came to purchase a 1962 Chevy II automobile which a customer had carried to him for repair. When Newman, who does a little “shade-tree” mechanic work, informed the customer that the car would not be worth fixing without replacing the motor, the customer authorized him to try to sell it for $200.
Defendant and Newman entered into an agreement concerning the car, whereby the defendant was to borrow the automobile and drive it to the home of his brother who lived several blocks from Newman in order that defendant’s wife could see the automobile. Defendant gave Newman a check for $200 as a guarantee that he would return with the car. Defendant told Newman that if he did not return with the car within thirty minutes, then Newman could cash the check Monday morning and that the check would be good, inasmuch as he could cash some bonds to cover it. Newman testified that if the check had cleared, it would have been the end of it.
Defendant left Newman’s house and never returned with the car, but rather drove to his brother’s home, picked up his wife, and continued to his residence in Bel-zoni, approximately 170 miles away. When defendant did not return, the check was presented to the bank where it was refused and stamped no good.
Defendant testified that he and Newman had been doing a lot of drinking during the course of the day, and when he sobered up he decided the automobile was not worth $200. He further testified that he did not sober up until or after he got to Belzoni; that he was going to bring the car back, but the police stopped him on Sunday morning when he went to a service station to buy some cigarettes. Defendant contends that the police informed him that the car had the wrong tag on it, and they forced him to park the car.
Defendant never attempted to get in touch with Newman, or to send him any money, money order, check, or anything for the car. When the car had not been returned some three weeks later, Newman filed an affidavit against defendant, alleging that he had embezzled the said automobile. Defendant was arrested several weeks thereafter, and the Chevy II automobile was then returned to Wesson, Mississippi.
The decisive question in this case is whether the transaction between defendant and Newman constituted a loan of the Chevy II automobile and a subsequent embezzlement thereof, or whether the transaction constituted a sale so that a charge of embezzlement is inappropriate.
The State urges that the essential elements of the crime of embezzlement are present as defined in Jones v. State, 223 Miss. 812, 79 So.2d 273 (1955), that is, the wrongful appropriation or conversion of *384 property where the original taking was lawful or with the consent of the owner. We find no fraudulent or wrongful conversion in this case.
The undisputed proof shows clearly that the original taking was lawful. Newman accepted the $200 check, and he testified that had the check cleared, it would have been the end of it.
The testimony, taken as a whole, shows conclusively that there was a sale of the automobile to defendant by Newman, and that this sale is evidenced by the exchange of the check in the amount of $200. Wharton’s Criminal Law and Procedure, Volume 2, section 519, pages 201-202 (1957), provides as follows:
Generally, when dealings between two persons create a relation of debtor and creditor, a failure of one of the parties to pay over money does not constitute the crime of embezzlement. Ordinarily, whether the relation of debtor and creditor exists depends upon the facts of the particular case.
We find that the transaction between defendant and Newman created the debtor-creditor relationship. For the reasons stated, we are of the opinion that this case should be and is reversed and rendered.
Reversed and rendered.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.