ROBERTSON, Presiding Justice,
for the Court:
Thomas H. Sanchez and Michael F. Holmes were convicted on December 3, 1978, in a justice of the peace court of the Second District of Pearl River County, Mississippi, of “willfully and unlawfully hunting deer with aid of light.” The transcript of the judgments entered in the justice of the peace court reflect that the defendants pleaded guilty to the charge, were found guilty, and each was fined $500 plus court costs.
Charges were also brought against each defendant for “willfully and unlawfully hunting from public road.” All charges resulted from arrests made at 3:00 A.M. on December 3, 1978, when the defendants were found driving down a public road with spotlights on and shotguns loaded with buckshot.
A transcript of the record for each defendant reflects that these charges were tried at the same time, that each defendant pleaded guilty, each was found guilty and each fined $100 plus court costs.
Sanchez and Holmes appealed from these judgments to the Circuit Court of Pearl River County. In accordance with MCA § 99-35-1 (1972) which provides in part:
“On appearance of the appellant in the circuit court the case shall be tried anew and disposed of as other cases pending therein,”
Sanchez and Holmes were tried anew for spotlighting deer. The jury returned a verdict of “not guilty” for each defendant.
The consolidated trial took place on April 19, 1979, and the circuit court immediately entered an order of discharge of each defendant.
During the course of the trial for spotlighting deer, Sanchez and Holmes each admitted that they were hunting rabbits the night of December 3, 1978, with the aid of the car’s headlights. On the basis of this admission or confession made in the trial for spotlighting deer, the circuit court entered an order of conviction against each defendant, each order reciting:
“During the course of said trial, the defendant confessed in open court that he was guilty of hunting on a public highway, and was an accessory to shooting therefrom and there was, at the time of said confession in open court, a charge pending against said defendant for said offense of hunting or shooting from the public highway, being Cause No. A-847 [A-852] on the Docket of this Court, the *626 same having been appealed by the defendant from the Justice of the Peace Court of District No. 2 of Pearl River County, Mississippi.
The Court finds therefore that there was a confession of guilt in open court by the defendant, THOMAS H. SANCHEZ [MICHAEL F. HOLMES], by his admitting the truth of said charge against him, and that under Section 99-19-3 of the Mississippi Code of 1972, this would constitute a conviction of said charge in Cause No. A-847 [A-852] on the docket of this Court.
The Court further finds that said confession of guilt in open court was freely and voluntarily given and that the defendant freely and voluntarily took the stand to testify under oath to questions propounded to him by his attorney and the State of Mississippi by the District Attorney.
THEREFORE, upon said confession, it is the sentence of this Court and said defendant is hereby sentenced to serve a term of thirty (30) days in the Pearl River County, Mississippi Jail and to pay a fine in the amount of FIVE HUNDRED DOLLARS ($500.00), and the defendant is hereby remanded into the custody of the Sheriff of Pearl River County, Mississippi to serve said sentence.”
Appellants have assigned as error:
The Trial Court erred and was without authority in entering the Orders of Conviction as they were entered without a guilty plea or a verdict of a jury.
The State contends that MCA § 99-19-3 (1972) applies. That section reads:
“A person indicted for a criminal offense shall not be convicted thereof, unless by confession of his guilt in open court or by admitting the truth of the charge against him by his plea, or by the verdict of a jury accepted and recorded in court. A person charged with an offense shall not be punished therefor unless legally convicted thereof in a court having jurisdiction of the cause and of the person.”
MCA § 99-19-3 must be harmonized with MCA § 99-35-1, which provides that a case appealed from a justice of the peace court “shall be tried anew” in the circuit court. We think that this language of § 99-19-3:
“A person indicted for a criminal offense shall not be convicted thereof, unless by confession of his guilt in open court or by admitting the truth of the charge against him by his plea, or by the verdict of a jury accepted and recorded in court.” (Emphasis added)
makes it clear that this section only applies when the confession or admission is made to the charge for which the defendant is then being tried.
Inasmuch as Sanchez and Holmes were being tried anew on the single charge of spotlighting deer when they confessed or admitted hunting rabbits at night with the aid of the car’s headlights (an entirely different offense for which they were not being tried), such confessions or admissions could not be used against them without calling up their separate appeals of their convictions of hunting from a public road, and giving them the opportunity of pleading anew and being tried anew on these separate charges.
Of course, upon the trial of Sanchez and Holmes for unlawfully hunting from a public road, the admissions or confessions made in their trial for spotlighting deer could be introduced into evidence under the general rule on judicial admissions, stated in this way in 22A C.J.S. Criminal Law, § 733, p. 1061:
“In the absence of statutory regulation of the subject, testimony and written statements given voluntarily or made by a party or a witness in a judicial proceeding, are, as admissions, competent against him on the trial of any issue in a criminal case to which they are pertinent. Admissions made in the course of judicial proceedings are substitutes for, and dispense with, the actual proof of facts in such proceeding. Such rule applies not only to formal admissions by way of pleading or stipulation, but also to admissions made by accused in the course of his testimony.”
*627 Mississippi adopted this general rule in Smith v. State, 160 Miss. 227, 133 So. 681 (1931), when the testimony of a defendant at a former trial of a co-indictee was held admissible against the defendant at his subsequent trial.
The orders of the circuit court are reversed and this cause remanded for a new trial on the specific charge of unlawfully hunting from a public road.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.