PRATHER, Justice,
for the Court:
The decisive question in this appeal is whether a business transaction between a wholesale dealer of cars and the seller constituted an entrustment of the automobiles and a subsequent conversion or whether the transaction was a sale which would not give rise to an embezzlement charge. Holding that the transaction was a sale and that the charge of embezzlement was inappropriate, this Court vacates the conviction and discharges the defendant.
I.
On January 24, 1986, Harold Reed was indicted in the Circuit Court of DeSoto County for embezzling or converting to his own use a 1981 Pontiac Bonneville. Reed was convicted of embezzlement, and appeals and assigns as error:
(1) The court erred in not sustaining defendant’s motion for directed verdict at the conclusion of the State’s case in chief and in not granting Reed’s motion for judgment of acquittal notwithstanding the verdict of the jury, or in the alternative for a new trial.
(2) The trial court committed reversible error in allowing the State to put into evidence, over appellant’s objection, a deposition given by defendant in a civil lawsuit involving the same subject matter when the defendant had elected not to testify in the criminal charge against him and which was not tendered in pre-trial discovery.
II.
Mr. Bill Wood (hereinafter Wood) resides in Harrison, Arkansas. He owns and operates a business known as Bill Wood Chevrolet, Inc. Through this business, Wood sells new and used cars, both wholesale and retail.
In July of 1984, Harold Reed (hereinafter Reed), visiting Arkansas on a vacation, had an auto accident. Reed stopped by Mr. Wood’s business, stored the disabled van for three or four weeks, and was forced to purchase a vehicle from Mr. Wood.
At the time of the purchase, Reed, also in the car business, was known in the trade as *64 a “wholesaler.” Reed and Wood entered into a business arrangement whereby on September 24, 1984 Wood allowed Reed to take possession of thirteen vehicles, transport them to Reed Auto Sales in Olive Branch, Mississippi and attempt to sell same. Two of the thirteen were not paid for nor were they returned to Bill Wood Chevrolet, to-wit: a 1981 Pontiac Bonneville Coup and a 1982 Pontiac Grand Prix.
Bill Wood Chevrolet, Inc. filed suit against Harold Reed, individually and d/b/a Reed Auto Sales seeking $11,400.00 in actual damages for Reed’s alleged failure to pay for above two automobiles. During the pendency of this civil suit, Reed’s deposition was taken, and at that time no criminal charges were pending against Reed, nor was he represented by an attorney in the lawsuit or at the deposition. Reed admitted having bought the two vehicles from Wood and admitted an unpaid debt to Wood for their purchase. Default judgment against Reed was entered on November 12,1985. The January, 1986 indictment for embezzlement of the 1981 Pontiac Bonneville involved in this appeal followed.
Ill;
DID THE TRIAL COURT ERR IN NOT SUSTAINING DEFENDANT’S MOTION FOR DIRECTED VERDICT AT THE CONCLUSION OF THE STATE’S CASE IN CHIEF AND IN NOT GRANTING REED’S MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT OF THE JURY OR IN THE ALTERNATIVE FOR A NEW TRIAL?
The defendant Reed argues that the State failed to prove beyond a reasonable doubt that Harold Reed committed the crime of embezzlement. In support of this contention, the defendant directs this Court’s attention to 97-23-19, Miss.Code Ann. (1972). This statute reads as follows:
If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, he shall be guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than ten years, or fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.
The State of Mississippi endeavored to prove that the defendant [Reed] was the bailee of Bill Wood Chevrolet, Inc. and in that capacity, embezzled a 1981 Pontiac Bonneville automobile from the bailor which was entrusted to him by virtue of his office, place or employment with Bill Wood Chevrolet, Inc.
The defense urges that the State put on no proof that Reed was a bailee for Wood.
The record explained the method by which this business transaction was conducted between Wood and Reed. The vehicle was titled to Bill Wood Chevrolet, Inc., and physical possession of some thirteen vehicles was given to the defendant in Arkansas for his transporting to his auto business in Olive Branch. The titles to the various vehicles were taken by Wood to his bank in Arkansas, and Wood’s bank mailed the titles with a bank draft to the defendant’s bank. On arrival at the defendant’s bank, the defendant would examine the papers at his bank, and if correct, the defendant would direct his bank to pay Wood’s bank. Wood acknowledged in his testimony that this draft method of doing business had been followed by him for his thirty-four years in business and was common practice in the business.
Throughout his testimony, Mr. Wood used the term “sold” in describing this business transaction. Additionally, Mr. Wood acknowledged that he received no *65 money at the time of delivery of the vehicles, but that he (Wood) considered Reed to be indebted to him.
The decisive question in this case is whether the transaction between Reed and Wood constituted an entrustment of the automobiles and a subsequent embezzlement thereof, or whether the transaction constituted a sale so that a charge of embezzlement would be inappropriate. For resolution of this question Howington v. State, 256 So.2d 382 (Miss.1972) gives direction. In Howington, the defendant was charged, tried and convicted of embezzlement of an automobile. Prior to the conviction, the defendant and the plaintiff entered into an agreement whereby the defendant was to borrow the automobile and drive it to his brother-in-law’s home several blocks away. Defendant gave plaintiff a check for $200.00 as a guarantee he would return with the car. However, defendant never returned with the car.
Faced with the question of whether the agreement between the plaintiff and the defendant constituted a sale or entrustment, this Court responded by saying:
The testimony, taken as a whole, shows conclusively that there was a sale of the automobile to defendant by Newman, and that the sale is evidenced by the exchange of the check in the amount of $200.00....
Generally, when dealings between two persons create a relation of debtor and creditor, a failure of one of the parties to pay over money does not constitute the crime of embezzlement. Ordinarily, whether the relation of debtor or creditor exists depends upon the facts of the particular case.
256 So.2d at 384.
With the foregoing reasoning in mind, this Court holds that there is sufficient similarity between the present case and Howington to conclude that Reed was wrongfully convicted. On the facts of this record, there existed a sale of cars to Reed, eleven of which were paid for after he had taken possession thereof and two cars of which remained unpaid. A debt for the balance still existed, creating a relation of debtor-creditor between the parties. Howington, supra. There was no entrustment to Reed’s care nor wrongful conversion of another’s property. See Grantham v. State, 284 So.2d 523 (Miss.1973). There was a debtor-creditor relationship between the two men. Following this reasoning, Mr. Reed is obviously not guilty of the crime of embezzlement. He is entitled to have his conviction vacated and to be discharged herein.
IV.
DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN ALLOWING THE STATE TO PUT INTO EVIDENCE, OVER APPELLANT’S OBJECTIONS, A DEPOSITION GIVEN BY DEFENDANT IN A CIVIL SUIT WHICH WAS NOT TENDERED IN PRE/TRIAL DISCOVERY?
A.
This assignment of error addresses whether the defendant’s deposition in the civil action arising out of this same transaction could be admitted into evidence in the later criminal trial in which criminal trial the defendant did not elect to testify, without violating the defendant’s Fifth Amendment privilege against self-incrimination.
Under both the state and federal constitutions, a defendant is guaranteed the right against self-incrimination in all criminal prosecutions.
[The accused] shall not be compelled to give evidence against himself....
Miss. Const. art. 3, § 26.
No person ... shall be compelled in any Criminal Case to be a witness against himself....
U.S. Const.amend. V.
This Court has adopted procedural rules that guarantee protection of this privilege. The privilege against self-incrimination has been incorporated into this Court’s Uniform Criminal Rules of Circuit Court Practice in several aspects. The rules strongly acknowledge that an accused’s rights are to be protected by warning an accused prior to questioning, Rule 1.03, voluntary and *66 intelligent pleas, Rule 3.03(2), and disclosures to a defendant through discovery, Rule 4.06(a)(2) and (5).
Further, as the Mississippi Rules of Evidence, effective on January 1, 1986, were applicable to this trial, Rule 402 of those rules provides that all relevant evidence is generally admissible. However, privileged testimony is inadmissible, whether privileged under the state and federal constitutions or by this court’s privilege rule, Rule 501. Rule 804(b)(3) addresses statements against pecuniary or proprietary interest.
Additionally, the Rules of Civil Procedure, Rule 32(a)(3), provide under what conditions the deposition of a witness, whether or not a party, may be used in civil actions. However, as to criminal actions, the use of depositions must be controlled by the Mississippi Rules of Evidence and any relevant federal or state constitutional provisions.
With these applicable rules in mind, the record of this case reveals the following. Reed was sued in a civil suit for an admitted indebtedness of the purchase price of the car in question. As a result of a notice of deposition, Reed appeared at the deposition hearing without an attorney being present or having been advised by one. He thought he was compelled to appear or be in contempt of court. At the deposition hearing, Reed admitted the purchase of the vehicle from Wood and acknowledged his indebtedness for its purchase. No criminal activities were alleged in the complaint, no criminal charges were contemplated at the time of the deposition, and no criminal investigation was known to be in progress. A default judgment for the purchase price of the vehicle was taken against Reed on November 12, 1985; an indictment was returned against him on January 24,1986 for embezzlement of the same car involved in the civil suit.
During the case in chief, the State examined Bill Wood about the transaction. On cross-examination by defense counsel, Wood was asked if he had filed a civil lawsuit against the defendant arising out of the same transaction which gave rise to the criminal suit. Wood answered affirmatively. On redirect examination the State prosecutors asked Wood if Reed had given a deposition in that civil case, and Wood answered in the affirmative. The State was allowed to read and introduce into evidence the deposition of defendant Reed given in the civil case. The defense objected to its use in the State’s case in chief, although acknowledging its possible admissibility to impeach the defendant if he elected to testify. Additionally, the defendant objected to a Unif.Crim.R.Cir.Ct.Prac. 4.06 violation, that the failure to disclose the anticipated use of the deposition was not made known to the defendant in discovery. The trial judge ruled that the deposition was admissible and that the defendant had opened up the subject of the civil suit in cross-examination. The defendant elected not to testify.
Subsequent to conviction the defendant moved for judgment notwithstanding the verdict, or in the alternative for a new trial, asserting, inter alia, the introduction of the deposition. He set forth four grounds, two of which deserve comment: the deposition (1) violated his right against self-incrimination, and (2) constituted a comment on his refusal to testify. Proof was offered by the defense in support of this motion.
In analyzing the law and facts of this case, this Court first notes that the deposition was admissible hearsay under the hearsay exception in Mississippi Rule of Evidence 804(b)(3), because the statements therein “so far tended to subject [the declarant] to civil ... liability ..., that a reasonable man in his position would not have made the statements] unless he believed [them] to be true.”
Despite the privilege against self-incrimination, some prior statements of an accused may be introduced into evidence, though the defendant does not elect to testify.
His confessions, when shown to have been voluntarily made, are admissible against him even though he dees not become a witness, and this does not violate his Fifth Amendment rights. Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); Unit *67 ed States v. Hughes, 411 F.2d 461, 466 (2nd Cir.), cert. denied, 396 U.S. 867, 90 S.Ct. 145, 24 L.Ed.2d 120 (1969). Likewise, former testimony, voluntarily given in a criminal trial, may be introduced in a later trial upon remand. Edmonds v. United States, 106 U.S.App.D.C. 373, 273 F.2d 108 (1959), cert. denied, 362 U.S. 977, 80 S.Ct. 1062, 4 L.Ed.2d 1012 (1960).
London v. Patterson, 463 F.2d 95 (9th.Cir.1972).
This Court also has acknowledged that statements or confessions when voluntarily and intelligently made are admissible; Frost v. State, 483 So.2d 1345 (Miss.1986); McElroy v. State, 204 So.2d 463 (Miss.1967); or former testimony, voluntarily given in a criminal trial, may be introduced in a subsequent trial upon remand or where the first trial ended in a mistrial; Arrington v. State, 411 So.2d 779 (Miss.1982); Mackmasters v. State, 83 Miss. 1, 35 So. 302 (1903); see Stringer v. State, 491 So.2d 837 (Miss.1986) (on petition for rehearing).
This Court has legend cases that a criminal defendant may waive his Fifth Amendment self-incrimination rights by certain actions that amount to a relinquishment or abandonment of a known right or privilege. See, e.g., Coulter v. State, 506 So.2d 282, 286 (Miss.1987). See also Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938); Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986). Cf. Robinson v. State, 345 So.2d 1044, 1045 (Miss.1977).
Testimony given by a criminal defendant in a previous civil proceeding has generally been freely admitted against him in a subsequent prosecution, in the absence of circumstances showing it to have been given under compulsion. Annot., 5 A.L.R.2d 1404, § 8 (1949 & Supp.1985). See Wharton’s Criminal Procedure §§ 403, 405 (12th ed. 1974). Cf. Sanchez v. State, 385 So.2d 624, 627-28 (Miss.1980); Miller v. State, 250 So.2d 624, 627-29 (Miss.1971).
The above lines of cases protect the constitutional privilege against self-incrimination, but acknowledge that certain actions on the defendant’s part may constitute a waiver of the privilege.
The question of whether the accused waived his right against self-incrimination is determined on a factual basis. Some of the pertinent factors that are present in the instant case show that Reed was not aware of any criminal prosecution imminently probable or in progress when he was deposed; Reed was summoned to answer a civil suit for debt only; he was not represented by an attorney and was not advised by anyone that his answers at deposition hearing could be termed voluntary and used against him at a criminal proceeding. The criminal charge here arose out of the transaction that was the subject matter of the civil suit; however, the civil suit acknowledged a debtor-creditor relationship, not a bailment, and from the testimony at the deposition hearing no risk of Reed’s Fifth Amendment right was apparent.
The defendant contends that his innocent answering of questions did not amount to a waiver of his right against self-incrimination. We disagree. Rule 804(b)(3), Mississippi Rules of Evidence. This question is discussed to alert the practicing bar to the issues herein.
Regarding the alleged Uniform Criminal Rule 4.06 violation, the Court notes that the deposed testimony was not a statement of the defendant to any law enforcement officer. Rule 4.06(a)(2). Further, the alleged Rule 4.06(a)(5) application to any “physical evidence” to be offered in evidence is not addressed as moot in view of the court’s holding in the first assignment of error.
This scenario does point out a precarious situation that a civil defendant finds himself when, in fact, he is aware of a criminal investigation or possible criminal involvement. Such a situation can be resolved in some cases as suggested in London, supra.
In United States v. Kordel, 397 U.S. 1, 8-9, 90 S.Ct. 763 [767-768], 25 L.Ed.2d 1 (1970), another alternative was suggested. This was to seek relief by means of a protective order under Fed.R.Civ.P. 30(b), postponing civil discovery until ter *68 mination of the criminal action. Although Kordel was decided after the deposition and criminal trial here, the protective provisions of Rule 30(b) have been on the books for a long time. See also Gordon v. Federal Deposit Ins. Corp., 138 U.S.App.D.C. 308, 427 F.2d 578 (1970); DeVita v. Sills, 422 F.2d 1172 (3rd Cir.1970); Melson v. Sard, 131 U.S.App.D.C. 102, 402 F.2d 653 (1968).
B.
The defendant argues that the State’s use of a deposition was, in effect, a comment on appellant’s refusal to testify. The argument is that the jury was told that this defendant will not testify before you, but here is what he said outside your presence. This Court in a most recent decision, Monroe v. State, 515 So.2d 860 (Miss.1987), writes:
Mississippi Code Annotated § 13-1-9 (1972) says ‘The accused shall be a competent witness for himself in any prosecution for crime against him. The failure of the accused, in any case, to testify shall not however operate to his prejudice or be commented on by counsel....’ This rule forbids insinuation and innuendo as well as direct comments.
Id. at 865.
The only application of this statute and case to this factual situation is that through insinuation and innuendo an inference was made concerning the defendant’s not testifying. This Court does not accept this argument. There is no other supporting authority for this proposition and this Court does not address the issue. Kelly v. State, 463 So.2d 1070, 1072 (Miss.1985).
V.
The conviction of the defendant is vacated for failure to prove an embezzlement; the defendant is discharged.
REVERSED AND DEFENDANT DISCHARGED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS and DAN M. LEE, P.JJ., and GRIFFIN and ZUCCARO, JJ., specially concur.
ROBERTSON and ZUCCARO, JJ., specially concur.